## STATE OF MAINE *vs.* MAURICE J. QUINN.

### Franklin. Opinion July 15, 1902.

*Trial Justice,—Residence of. Criminal Appeal. R. S., c. 83, § 1; c. 132, § 15. Stat. 1860, c. 164.*

The appointment of a resident of one county to act as a trial justice for another county is authorized by the statute of this state.

The defendant was adjudged guilty upon a liquor search and seizure warrant on March 11, 1901, by a magistrate in Franklin county, before whom he was arraigned, and thereupon he took an appeal to the September term of the supreme judicial court for that county; but the next term of that court and the one to which he should have taken his appeal, as required by R. S., c. 132, § 15, was the June term.

*Held;* that it was the duty of the defendant, if he desired to appeal from the judgment of the magistrate, to appeal to the proper court and the proper term of court; and having failed to do so, his attempted appeal was a nullity, and the judgment of the magistrate below stands against him unreversed and unaffected by his ineffectual attempt to appeal therefrom.

Agreed statement. Judgment for the state.

Appeal to this court below from a judgment of guilty rendered by a trial justice, on a search and seizure complaint and warrant, in March, 1901.

Before proceeding to trial respondent seasonably filed a motion to dismiss.

The justice who issued the warrant and heard the case was R. C. Boothby, then and ever since a resident of East Livermore, in the county of Androscoggin. He was appointed and commissioned a trial justice for the county of Franklin in August, 1894, for the term of seven years.

A municipal court for the town of East Livermore was established by act of the legislature made and passed March 10, 1899, and said R. C. Boothby was thereafter duly appointed and commissioned judge of said court, and at time of issuing the warrant in this case was the duly qualified judge of said municipal court.

. *H. S. Wing*, county attorney, for state.

*E. O. Greenleaf and B. Emery Pratt*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, JJ.

WISWELL, C. J. The defendant was arrested upon a liquor search and seizure warrant. When taken before the magistrate for arraignment and trial he pleaded not guilty and waived an examination. Thereupon he was adjudged guilty and took an appeal therefrom to the September term of the supreme judicial court for Franklin county.

In the appellate court he claimed that the court should not take cognizance of his appeal or of the offense charged against him, but that he should be discharged for the reasons stated below. The case comes to the law court upon an agreed statement of facts, in which it is stipulated that this court shall render such decision as the case requires.

The first objection made by the defendant is, that the original complaint was made to and the warrant issued by a resident of Androscoggin county, who was acting as a trial justice for Franklin county, and that the appointment of a resident of one county to act as trial justice within and for another county was void; that consequently the person acting as trial justice in this case had no authority to receive the complaint, or to issue the warrant or to act as a trial justice for Franklin county.

A trial justice is a creature of statute. The office was first created in this state by the legislature of 1860, chap. 164, public laws of 1860. There was nothing in that act which required that trial justices should be residents of the county for which they were appointed. In fact, the language of the statute, we think, clearly shows that no such qualification was intended. It provided for the appointment of suitable persons "to be trial justices in the county for which they are respectively appointed." There has been no subsequent change of the statute in that respect. Revised Statutes, c. 83, § 1, is as follows: "Trial justices shall be appointed and commissioned by the governor, with the advice and consent of council, to act within the county for which they are appointed, and shall hold their offices for seven years from the date of their commissions." So that the appointment of a resident of Androscoggin county to act as a trial justice for Franklin county was authorized by the statute.

The defendant was adjudged guilty by the magistrate on March 11, 1901. He took an appeal therefrom to the September term of the supreme judicial court in Franklin county, but the next term of the supreme judicial court in Franklin county was the June term, and the statute, R. S., c. 132, § 15, requires any person aggrieved at the sentence of a magistrate, if he desires to appeal therefrom, to appeal to the next term of the supreme judicial or superior court in the same county. The June term of the court in Franklin county was one to which a criminal appeal may by statute be taken. *Welch* v. *Sheriff of Franklin county*, 95 Maine, 451.

The defendant claims that on account of this irregularity the appeal is void, and he should be discharged. The appeal is undoubtedly void. It is not properly before the appellate court. But it was the duty of the defendant, if he desired to appeal from the judgment of the magistrate, to appeal to the proper court, and the proper term of court, and having failed to do so his attempted appeal was a nullity, and the judgment of the magistrate in the original proceeding stands against him unreversed and unaffected by his ineffectual attempt to appeal therefrom.

*Appeal dismissed.*