that that has been, or will be done, and we must pass on the case as presented.

On reviewing the foregoing opinion, certain points suggested by counsel seem not to have been discussed.

As to efforts made to arbitrate, they did not go far enough to be effective, if indeed they could have been binding on either party, for "a mere agreement to arbitrate does not preclude a resort to a court of justice." The jurisdiction of the court can not be so ousted.

As to the force of the alleged practical construction placed upon the contract by the parties thereto, it does not appear that the questions here made, arose during the control of the Dayton & Western. The industrial tracks have been since constructed, and the detouring complained of has also occurred since.

The successors and assigns of the Dayton & Western are not bound by the construction of their predecessor, and the present defendant, the latest successor, has from time to time protested. So I think but little, if any, value can be attached to that point.

The finding will therefore be in favor of the plaintiff as to the use of the industrial and other tracks of defendant, and in favor of defendant as to the use of its track for detouring trains.

*Nevin, Nevin & Galbfus,* for plaintiff.
*Charles Darlington,* for defendant.

---

## A DEVISE GENERALLY WITH LIMITATION OVER.

[Common Pleas Court of Lucas County.]

FINDLAY BREWING CO. v. HENRY DICK ET AL.*

Decided, February 9, 1903.

*Wills—Real Estate Devised Generally—Limitation Over Void.*

Where the first devisee has absolute power of disposition, whether by deed or will, a limitation over is void on the ground that it is irreconcilable with the primary devise.

---

*Affirmed by the circuit court without report.

PUGSLEY, J.

This is a demurrer by the plaintiff to the answer and cross-petition of the defendant, Emma A. King. The action is brought to foreclose a mortgage given to the plaintiff by the defendant, Henry Dick. The defendant, Emma A. King, claims a lien on the mortgaged premises under and by virtue of the will of her mother, Bertha Dick. The clause of the will under which this lien is claimed is as follows:

"I hereby devise, give and bequeath to my husband, Henry Dick, all the residue of my said real and personal estate after payment of my said debts. Provided, however, that in case of my said husband's death without will, all of my said property shall go and belong to my grandson, Henry A. Dick, subject, however, to a charge with the payment of $1,000 to my daughter Emma A. King."

As the payment of the money to Emma A. King is charged only upon the estate devised to Henry A. Dick, it is necessary to determine what such estate is. The will must be construed in such manner as to give effect to the clear intention of the testatrix, so far as this can be done consistently with established rules of law.

All the property is devised to Henry Dick, not for life, but absolutely or in such terms as standing alone are appropriate and sufficient to carry the absolute estate in fee simple. No express restriction is put upon the power of Henry Dick to convey the property or to do any act in relation to the property which is incident to an ownership in fee, and by necessary implication the power is given him to dispose of the property by will. It was clearly the intention of the testatrix that Henry A. Dick should have the property only in the event that Henry Dick should die intestate. If he disposes of the property by will, as he may do, the devise over will never take effect. Whether or not Henry A. Dick shall get the property is thus made to depend upon the pleasure of Henry Dick.

The great weight of authority sustains the conclusion that although generally an estate may be devised to one in fee simple with a limitation over by way of executory devise, yet when an estate is given to one generally, or indefinitely, with the power to dispose of it by deed or will, the limitation over is void, on the

ground that it is irreconcilable with the primary devise, and the first devisee will take the entire estate in fee simple. I will refer to some of the cases.

In *Holmes* v. *Godson,* 8 De Gex M. & G., 152, a testator gave real and personal estate upon trust for his son to vest in him on his attaining the age of twenty-one years, but if he should die under twenty-one, or having attained twenty-one, should not have made a will, then the property should be sold and the proceeds held on other trusts—*Held:* That the property vested in the son absolutely at twenty-one, and that the gift over is repugnant and void.

In *Ross* v. *Ross,* 1 Jacob & Walker, 154, a legacy was given to A to be paid at twenty-five with a limitation over in case A should not receive or dispose of it by will, or otherwise, in his lifetime—*Held:* That the limitation over is void.

In *Gilmer* v. *Daix,* 141 Pa. St. 505 (21 Atl. Rep., 659), the will contained this language: "I give and bequeath to my son * * all my real and personal estate. Should he die without leaving to any person, then to my brother * * * during his life; and after his death to all the children and grandchildren of my sister-in-law." *Held:* That the words of the second clause, whether they were merely precatory or imposed a condition, were inoperative and void, and the son took the entire estate in fee simple.

In *Jackson* v. *Robins,* 16 Johns., 587, the court say "we may lay it down as an incontrovertible rule that when an estate is given to a person generally or indefinitely with a power of disposition it carries a fee, and the only exception to the rule is when the testator gives to the first taker an estate for life only by certain and express words and annexes to it a power of disposition."

In *Campbell* v. *Beaumont,* 91 N. Y., 464, the testator gave all of his property to his wife, and, in case of her decease, the same or such part thereof as may remain to her son—*Held:* That the widow took an absolute title unaffected by the provision for her son.

In *Howard* v. *Carusi,* 109 U. S., 725 (3 Sup. Ct. Rep., 575), the testator devised certain real estate to his brother, and at his death, the same or so much thereof as he shall not have disposed of by devise or sale, to his three nieces. *Held:* That the devise to the

brother was in fee simple with no limitation over, and creates no trust executory or otherwise.

In *Fisher* v. *Wister,* 154 Pa. St., 65 (52 Atl. Rep., 1009), the testator devised certain property to his two grandsons and then made this provision: "I hereby forbid that the property shall be sold out of the family, but leaving them at liberty to dispose of their respective parts by will. In case of the death of either one of them, intestate, without direct heirs, I direct that such intestate part shall be held by his sister."

It was held that a fee simple was vested by the will in the grandsons, and that the attempt at an executory limitation in case of their death, intestate, without direct heirs, transgressed the rule that it must not be within the power of the first taker to defeat the devise over either by the execution of a deed or will. This case was referred to a master, and his opinion is fully reported, and the court (a full bench of seven judges) dispose of the case as follows:

"We affirm this decree upon the clear and able report of the learned master below, and dismiss the appeal at the costs of the appellant."

I will read from the opinion of the master, pages 71 and 75:

"Upon this question the master is of opinion that a fee simple was vested in the will in Ellicott and Harvey Fisher, and that the attempts at executory limitation in case of their death, intestate, without direct heirs, transgress the rule that it must not be within the power of the first taker to defeat the devise over either by the execution of a deed or will.

"This rule was recognized by Chancellor Kent in the leading case of *Jackson* v. *Robins,* 16 Johns., 537, in an opinion where all the ancient learning upon the subject is collected and reviewed. The syllabus of the case is: 'Where A devises all his real and personal estate to his wife, and in case of her death without giving, etc., by will, or otherwise selling or assigning said estate, then he devises the same to his daughter D. The wife takes the entire fee simple, both by force of the word "estate" and of the absolute power given by the will; and the subsequent limitation, being repugnant thereto, is void, either as a remainder (which can not be limited on a fee), or as an executory devise, to the validity of which it is essential that it can not be defeated by any act of the first taker. The same rules apply whether the limitation is of real or personal property. In either case it is void. Where there is a devise for life, in express terms, a power of disposal annexed does not enlarge

it to a fee, but where, to a general devise, without any specification of the quantity of interest, an absolute power of disposal is annexed, the devisee takes a fee.'   *   *   *

"It is true that here is a distinction between the will of Lord Sterling, which was the subject of construction in the New York case, and that of William Logan Fisher, now before the court, in that in the New York case the first taker had the power to defeat the executory devise by a conveyance by deed, as well as by testamentary provision, while in this case there is a prohibition against conveyance, and only power to dispose of by will; but this distinction is not material, if Chancellor Kent correctly stated the law to be that where an estate is given to a man and the heirs of his body, with a power of disposal at his own will and pleasure, it carries with it an absolute ownership, repugnant to any limitation over and restruction of it."

There are cases which hold that the power of disposition in the first devisee, to have the effect of defeating the limitation over, must be general as to the means of disposition, and that when the right of disposition is limited to any particular method, the limitation over will be good. But the weight of authority, as stated by the master in this Pennyslvania case, is that where the first devisee has the absolute power of disposition, whether by deed or will, the limitation over can not take effect.

*Armstrong* v. *Kent,* 21 N. J. Law, 509, is a case in point. I will read from the opinion of the court on page 519:

"The testatrix by her will gave to her daughter, Eliza R. Armstrong, her real property absolutely, after the determination of a life estate previously devised to her husband, William Armstrong, and then give her all the residue of her estate, being personal property, to her and her heirs forever. So far the devise is of a fee simple estate in the lands, and an absolute property in the personal estate. But this devise is followed by a proviso, if she should die 'without heirs and intestate,' then that the same should vest in Charles and Margaret and their heirs. If the words 'and intestate' had been omitted in the proviso, the estate devised to Eliza in the lands would have been a fee tail, with an executory devise over, to take effect on the contingency of Eliza's death without issue, for the word 'heirs' in this connection can not be construed heirs general, because the devise over is to two of her heirs general, and must be construed to mean heirs of her body, or issue. And it is equally plain that the testatrix did not mean that the estate should vest in Charles and Margaret, on an indefinite failure of issue of Eliza, but on failure of issue at the time of her death.

"But the serious and only question involved in the case is as to the effect of the words 'and intestate,' upon the estate devised. The rule seems well settled, that where there is an absolute power of disposition given by the will to the first taker, the limitation over upon his dying without heirs is void, as being inconsistent with the absolute estate, or power of disposition expressly given or necessarily implied (4 Kent's Commentaries, 264, Section 1, and cases there cited). The words 'and intestate' clearly imply a power in Eliza to devise and bequeath the estate given to her by the will; but it is contended by the complainants that this is not an absolute power of disposition over the estate devised, and that therefore the limitation over is not void; and we are referred to the opinion of Savage, C. J., in *Doe* v. *Howland,* 8 Cow., 284, where he remarks, 'It is undoubtedly true that a devise, with power to convey a fee, carries a fee, though a devise with power to devise in fee, carries but a life estate.' I confess I am unable to see the force of the distinction laid down so emphatically by the learned judge in the case just cited, nor have I been able to find such distinction laid down elsewhere. A power to devise by will is as absolute a power as a power to convey, where conveyance means by deed of bargain and sale. But it must be borne in mind, that in the case of *Doe* v. *Howland,* the devise was an estate for life only, in the first taker, with power to sell part, and with power to devise the whole. Neither power, therefore, increased the quantum of estate in the first devisee. The case before us differs in this respect, for here is an absolute estate given in the first instance, attempted to be restrained or limited by a subsequent clause."

I will refer, without reading, to the following additional authorities: *Gulliver* v. *Vaux,* 8 DeGex M. & G., 166; *Shaw* v. *Ford,* 7 Ch. Div., L. R., 673; *Ware* v. *Cann,* 10 Barn. & Cr., 433; *State* v. *Tolson,* 73 Mo., 320; *Janutsch* v. *Proctor,* 48 Pa. St., 466; *Karker's Appeal,* 60 Pa. St., 141; *Van Horne* v. *Campbell,* 100 N. Y., 287; *Kelley* v. *Meins,* 135 Mass., 231; *Wilson* v. *Turner,* 164 Ill., 398; *Jackson* v. *Bull,* 10 Johns., 19; *Ide* v. *Ide,* 5 Mass., 500; *Sevier* v. *Brown,* — Tenn. (2 Swan), 112; *Hall* v. *Palmer,* 87 Va., 354; *Mulvane* v. *Rude,* 146 Ind., 476.

The principle of these cases and others to the same effect which might be cited, has been so generally recognized by the courts from the earliest period, that they must be followed, unless in Ohio a different rule has been established. I have not found a case in Ohio where the precise question which we have here has been considered. The Ohio cases are mostly cases where property is de-

vised with power of disposition and there is a devise over of what remains on the death of the first devisee or where the power of disposition reserved to the first devisee is in favor of particular objects or for the accomplishment of particular purposes, which, as is held, does not create any repugnancy.

The cases particularly relied upon by defendant are *Baxter* v. *Bowyer,* 19 Ohio St., 490, and *Johnson* v. *Johnson,* 51 Ohio St., 446. In both of these cases it is held that the first devisee, who was the widow of the testator, took only a life estate. In neither case did the testator give to the widow power to will the property, and in both cases it is evident that the power to sell or dispose of the property which was given to the widow was given solely for her life support. The devise over was of what remained or was unconsumed at her death. Judge Welch, in delivering the opinion of a majority of the court in *Baxter* v. *Bowyer,* 19 Ohio St., 490, after referring to *Jackson* v. *Bull,* 10 Johns., 19; *Jackson* v. *Robins,* 16 Johns., 537, and *Ide* v. *Ide,* 5 Mass., 500, which are cited to support the plaintiff's contention in this case, says, on page 500:

"These and the like cases are clearly distinguishable from the present one. They are cases where the testator gives to the first devisee full dominion and control over the estate, and then, under the *form* of a limitation over, undertakes to make, as it were, a *will* for the first devisee, to take effect in case the first devisee should fail to make one for himself, or otherwise to dispose of the property. This the testator can not do. Every one has the right to dispose of his own property. To make one the absolute owner of my property, and at the same time retain any power in my own hands to control or dispose of it, is simply impossible. In the cases referred to, where the limitation was held to be void, the repugnancy was total and irreconcilable. The language of the will left no escape, in those cases, from the conclusion, that the testator intended to give the first devisee absolute dominion and control over the property. There was no escape, because the *limitation itself,* as well as the previous devise, necessarily *implied* such absolute power and dominion, by making the thing limited over, its existence or non-existence, to depend upon the *pleasure* of the first devisee. Such a limitation can not be sustained, because it is only a limitation in *words,* and not a limitation in fact, or in law. It is in legal effect what the will here would be if it had read: 'I give all my property to my wife, and *she* may give to the presbytery of Cincinnati such part of it as she chooses to give.' Such is not

the legal meaning and effect of the will under consideration. It simply gives the property to the wife, with remainder at her decease to the uses specified in items two and three. A majority of the court are satisfied that these provisions are not necessarily repugnant, but are reconcilable upon the theory that the wife took a life estate and life maintenance, with an unrestricted right to the manner of enjoying the property, and with power to change the property into money, by sale, for the benefit of the estate; and that the limitations expectant upon her death are, therefore, valid and effectual."

In the case at bar it is necessarily implied from the will that whether or not Henry A. Dick shall get any of the estate depends upon the pleasure of Henry Dick. He is given the property absolutely. He may give it by will to Henry A. Dick or to any other person, or he may not choose to make a will at all, and the property is limited over to Henry A. Dick only in case he shall choose not to make a will. In the language of Judge Welch, this is a "limitation in words and not in fact or in law."

I do not think that any of the Ohio cases are against the contention of the plaintiff, and these remarks of Judge Welch favor that contention. I hold, therefore, that Henry Dick has the full fee simple title to the premises in controversy free from any claim of Henry A. Dick or Emma A. King.

Even if the devise over to Henry A. Dick is to be regarded as valid, it must be conceded that whether it will ever take effect can not be determined until the death of Henry Dick. It may never take effect, and it would be a serious question whether Emma A. King has now any claim or interest which she can assert in this action. *Piatt* v. *Sinton,* 37 Ohio St., 353; *Darlington* v. *Compton,* 20 C. C., 242.

The claim is also made by counsel for defendant that the payment to her is charged upon the estate devised to Henry Dick. I can not so construe the will. It seems clear from the natural and grammatical construction of the language used that it is charged only on the estate attempted to be devised to Henry A. Dick.

My conclusion is that Emma A. King has no lien on the mortgaged premises, and the demurrer is therefore sustained.

..*Shunck & Thompson* and *Frank G. Crane,* for plaintiff.

*W. H. A. Read,* for Emma A. King.