STATE OF MAINE
*vs.*
PAUL HOAR

Cumberland.   Opinion, August 30, 1956.

*Frederic S. Sturgis,*
*Arthur A. Peabody,* for State.

*George W. Weeks,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ. MURRAY, A. R. J. TAPLEY, J., concurring specially. CLARKE, J., did not sit.

WEBBER, J. This matter is before us on report on the following agreed statement of facts:

"THAT the Respondent Paul Hoar of South Portland in said County, at said South Portland on September 25, 1955 was arrested for the alleged offense of operating a motor vehicle upon a public highway in said South Portland while under the influence of intoxicating liquor.

THAT on September 26, 1955 at a Court held at the Municipal Court for South Portland in said County said case was continued to October 3, 1955 at which time said Respondent waived reading and hearing and pleaded not guilty.

THAT the Justice for said Municipal Court found the Respondent guilty and assessed a fine of one hundred dollars and costs of seven dollars and eighty-two cents.

THAT said Respondent then and there requested an appeal.

THAT said Respondent intended to appeal, and thought he was appealing to the next criminal term of the Superior Court for said County.

THAT in fact, said appeal was noted to the January term 1956 for said Superior Court and that bail was furnished by the Respondent and two sureties for his appearance at said January Term.

THAT at the January term of said Superior Court, the attorney for the State for said County filed a motion to dismiss said alleged appeal for the reason that said alleged appeal was taken to a term of Court which was not the next criminal term for the Superior Court after the judgment rendered in

said Municipal Court, and that said appeal should be dismissed, and is in fact a nullity, and copy of said motion is attached hereto and made a part hereof."

R. S. 1954, Chap. 146, Sec. 22 provides in part: "Any person aggrieved at the decision or sentence of such magistrate may, within 5 days after such decision or sentence is imposed, Sunday not included, appeal therefrom to the next superior court to be held in the same county, and the magistrate shall thereupon order such appellant to recognize in a reasonable sum, not less than $20 with sufficient sureties, to appear and prosecute his appeal and to be committed until the order is complied with." The words "next superior court" have always been construed to mean the "next superior court at which criminal cases are cognizable." This statute must be interpreted in connection with R. S. 1954, Chap. 106, Sec. 11 which provides for the trial terms of the Superior Court in the several counties and designates those terms at which criminal business may be transacted. Until amended in 1955, Subsec. III of that statute read as follows: "III. Cumberland: At Portland on the 1st Tuesday of every month except July and August; but the criminal business of said county shall be transacted at the terms held on the 1st Tuesdays of January, May and September, together with civil business. The January, May and September terms of said court may be kept open for criminal business after their final adjournment for civil business for such time as the presiding justice may deem expedient, provided that they shall be finally adjourned at least 7 days before the convening of the next succeeding term in which criminal business may be done." The Legislature by P. L. 1955, Chap. 285 amended that subsection by adding to the last sentence thereof the following: "and all business having to do with criminal appeal cases and pending indictments may be transacted at Portland on the 1st Tuesday of every month except July and August; and criminal ap-

142

peal cases from municipal courts and trial justice courts in Cumberland County may be appealed or bailed to the next term of Cumberland County Superior Court at Portland." This amendment was passed as emergency legislation to become effective April 25, 1955 and the emergency preamble throws light on legislative purpose. The preamble states:

"WHEREAS, the criminal dockets of the courts of Cumberland County are congested; and

WHEREAS, it is necessary that all pending litigation may be administered and acted upon in an orderly, efficient and prompt manner; and

WHEREAS, the following legislation is wholly necessary to aid in adjudicating pending litigation for the benefit of the litigants; and

WHEREAS, in the judgment of the Legislature, these facts create an emergency within the meaning of the Constitution of Maine and require the following legislation as immediately necessary for the preservation of the public peace, health and safety; * * * *."

It is apparent from a reading of these statutes in the light of the preamble that the Legislature intended that henceforth every term of the Superior Court in Cumberland County should be a term at which criminal business arising from appeals and pending indictments might be transacted, but that the grand jury should convene regularly only at the January, May and September terms. The practice to be followed in Cumberland County is now made to follow very closely the pattern established for Androscoggin County by R. S. 1954, Chap. 106, Sec. 11, Subsec. I: "I. Androscoggin: At Auburn on the 1st Tuesdays of January, March, April, June, September and November for civil and criminal business, provided that the grand jury shall attend only at the January, June and September terms, unless specially summoned by order of a justice of said court. All recognizances for appearance to abide action by the grand jury

shall be for appearance at the term at which the next regular session of the grand jury is held, but appeals in criminal as well as civil matters and removals shall be to the next regular term."

So here the respondent claiming an appeal on October 3, 1955 had no choice as matters then stood except to take his appeal to the next regular term of the superior court. The respondent in fact took his appeal without specific designation as to term. Without more, such an appeal should have been construed as returnable to the next regular term as required by the statute. But the respondent furnished bail as a part of his appeal procedure and the recognizance clearly and unmistakably imposed upon the respondent and his sureties the condition that he appear at the January term, 1956 and prosecute his appeal. This was notice to the respondent that the magistrate was erroneously recording his appeal as to the wrong term.

In a case where the appeal is correctly taken by the appellant, but without his knowledge or participation the appeal is improperly recorded entirely as a result of error by the magistrate, the appeal should not subsequently be dismissed. See *State* v. *Bradley,* 80 So. (La.) 657. But the responsibility for taking a proper and legal appeal rests upon the appellant and when he is charged with notice that his undesignated appeal is being recorded as to a wrong term, he has a duty to make the correct designation. Under rather similar circumstances our court said in *State* v. *Quinn,* 96 Me. 496 at 498: "The appeal is undoubtedly void. It is not properly before the appellate court. But it was the duty of the defendant, if he desired to appeal from the judgment of the magistrate, to appeal to the proper court, and the proper term of court, and having failed to do so his attempted appeal was a nullity, and the judgment of the magistrate in the original proceeding stands against him unreversed and unaffected by his ineffectual attempt to appeal therefrom."

The respondent, had he so decided, could have had trial upon the merits before the magistrate and a judgment of not guilty would have been final and conclusive. Instead, he elected, as he had a right to do, to waive hearing and appeal. In so electing, however, he assumed full responsibility for taking his appeal to and furnishing bail for his appearance at a proper term of the Superior Court. This responsibility is not discharged when he participates in an error of the magistrate of which he has seasonable notice. In the case before us, the action of the respondent was ineffective both as to taking of appeal and furnishing the bail required by law.

*Appeal dismissed.*

TAPLEY, J., CONCURRING

I concur with my associates as to the result but disagree with the reasoning.

The respondent was required to furnish bail to the January Term, 1956 on his appeal and because of this fact it was determined that he thereby received notice that the magistrate had erroneously recorded his appeal to the wrong term. It is held in substance that because of such notice as the respondent received, through the act of giving bail to the wrong term, he participated in the error on the part of the magistrate to his detriment. It should be noted that to the point of giving bail, the respondent had satisfied the statutory requirements of an appeal and he had taken all the necessary action to produce the status of an appeal. In support of the reasoning in the majority opinion that the respondent has the responsibility for taking a proper appeal, the case of *State* v. *Quinn*, 96 Me. is cited. I differentiate the circumstances of the *Quinn* case with the one now under consideration. In the *Quinn* case the respondent was adjudged guilty by the magistrate in March. He took an appeal specifically to the September Term of the Supreme

Judicial Court in Franklin County but the next term following the March in which he was convicted was the June Term. The statute then in force regarding appeals required an appeal to the next term and, as the September Term was not the next term, it was determined that the appeal was void and a nullity. The case holds that it was the duty of the respondent to appeal to the proper court and the proper term of the court. In the *Quinn* case the respondent, by election, appealed to the wrong term of court. In the present case the respondent appealed to the proper term of court in so far as any affirmative action on his part was concerned, thus complying with the terms of the appeal statute.

The process of appeal concerned here is born of statute and is only effective in so far as the proceedings come within its provisions. The respondent according to the agreed statement "requested an appeal" - - - - "intended to appeal, and thought he was appealing to the next criminal term of the Superior Court for said County." This appeal was then noted by the magistrate to the January Term, 1956 and not to the next criminal term of the Superior Court. For this judicial act there was no authority under the statute and the appeal was then and there a nullity. When the alleged appeal reached the Superior Court, the County Attorney asked for its dismissal on the grounds that it was invalid. The respondent, no doubt, desired a jury trial and it can be properly assumed that that was the reason for his appeal. According to the record he was without attorney in the lower court. This respondent was accused of a crime and was attempting to take advantage of his right of appeal. He did everything that the statute required him to do by advising the court of his desire to appeal. He relied upon the court to legally record his appeal in order that his constitutional rights of trial by jury be made available to him. He now finds himself in the unenviable position of be-

ing deprived of a trial by jury and his case returned to the court of original jurisdiction where the sentence there imposed may be executed unless it be determined that the court lost its jurisdiction over the person of the respondent when it improperly admitted him to bail to appear at the January Term, 1956.

I agree with my associates that the entry should be,

*Appeal dismissed.*