Statement of Facts.

## M. W. GILLMER v. A. F. DAIX ET AL.

| 141 | 505 |
| 154 | 77 |

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued March 25, 1891—Decided April 13, 1891.

(*a*) A will provided as follows : " I give and bequeath to my son, . . . . all my real and personal estate. Should he die without leaving to any person, then to my brother . . . . . during his life ; after his death, to all the children and grandchildren of my sister-in-law, . . . . : "

1. The first sentence quoted gave a fee-simple to the son in the testatrix's real estate, not to be taken away by the words of doubtful meaning in the second, which, whether they were merely precatory or imposed a condition, were inoperative and void as to the devise.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-LIAMS, JJ.

No. 210 January Term 1891, Sup. Ct. ; court below, No. 556 September Term 1890, C. P.

On November 24, 1890, Mauricio W. Gillmer filed a bill in equity against Augustus F. Daix, and Augustus F. Daix, Jr., trading as A. F. Daix & Son, Agents, averring in substance as follows :

That by the will of his mother, Margaret J. Gillmer, deceased, dated August 5, 1886, and duly admitted to probate, the plaintiff became seised in fee of a certain tract of land at Sixty-first and Vine streets, Philadelphia ; that, being so seised, he entered into a contract in writing for the sale of a part of the same to the defendants for the sum of $40,000 ; that in fulfilment of said contract the plaintiff executed and tendered to the defendants a deed in fee-simple for the premises contracted to be sold, but the said defendants refused to accept the same in execution of said agreement, alleging that the plaintiff, under the said will, did not take a fee-simple title to said premises ; praying for a decree of specific performance.

The only disposing provision of the will of said Margaret Jane Gillmer was the following :

" Item : I give and bequeath to my son Mauricio Wanderly

Gillmer all my real and personal estate. Should he die without leaving to any person then to my brother William T. Ray during his life after his death to all the children and grandchildren of my sister-in-law Margaret Smith Lock of Tennessee. The paper that I have given to my brother William T. Ray I want to remain as it is."

The paper referred to in said will was signed by Margaret J. Gillmer, of date October 23, 1877, and was as follows:

"I hereby agree that any sum realized from the sale of my property at Sixty-first and Vine streets over and above forty thousand dollars, after paying the present mortgage on the same of nine thousand five hundred dollars, shall be the property of my brother, W. T. Ray, providing the net sum realized does not exceed fifty-five thousand dollars; should it exceed that sum, then any additional amount received shall be equally divided between my brother and myself."

An answer having been filed, admitting the facts averred in the bill, the cause was set down for hearing on bill and answer. After argument, the court, on December 13, 1890, without opinion filed, entered a decree, "that the complainant, Mauricio W. Gillmer, does take a fee-simple estate in the premises described in the said bill, under the will of his deceased mother, and the attempted restraint of alienation on said fee-simple by the subsequent words in said will is void and of no effect; and that the defendants are ordered and decreed to fulfil their contract of purchase set forth in said bill, and that they pay the costs in this case."

Thereupon, the defendants took this appeal, assigning the said decree for error.

*Mr. James W. Laws*, for the appellants.

Counsel cited: Section 9, act of April 8, 1833, P. L. 250; 4 Kent Com., 319; Dodson v. Ball, 60 Pa. 492; Yarnall's App., 70 Pa. 342; Fox's App., 99 Pa. 383; France's Est., 75 Pa. 225.

*Mr. Joseph Mellors*, for the appellee.

Counsel cited: Karker's App., 60 Pa. 141; Jauretche v. Proctor, 48 Pa. 472; Second R. P. Church v. Disbrow, 52 Pa. 219; Theobald on Wills, 2d ed., 460.

Syllabus.

PER CURIAM:

We agree with the learned judge below that Mauricio W. Gillmer took a title in fee-simple, under his mother's will, to the real estate described in the bill. The language of the will is as follows:

"Item: I give and bequeath to my son Mauricio Wanderly Gillmer all my real and personal estate. Should he die without leaving to any person, then to my brother William T. Ray during his life; after his death, to all the children and grandchildren of my sister-in-law Margaret Smith Lock, of Tennessee. The paper that I have given to my brother William T. Ray I want to remain as it is."

The first sentence above quoted gives a fee to her son. So much is clear. The second is not clear, and upon this ground alone we might affirm this case, as a fee is not to be taken away by words of doubtful meaning. The most that the writer can make of the second sentence is, that it is an expression of the testator's desire that her son shall make a will, and leave the property to some one. This, if so, would be precatory,—the mere expression of a wish. If, however, we regard it as a condition that he shall make a will, the condition is void, under all the authorities. In any view, we think the decree is free from error.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.

