## Sugden et al. v. McKenna, Appellant.

*Will—Devise—Death without issue.*

Under a devise to children and grandchildren, by name, in equal shares per stirpes, the share of each child to go "in case of his death" to other persons, and "in case of the death without issue" of any of the grandchildren, his share to be divided among the. other grandchildren, the devisees, having survived the testator, took an absolute estate in fee simple. .

Argued Nov. 5, 1891.    Appeal, No. 299, Oct. T., 1891, by defendant, from judgment of C. P. No. 1 of Allegheny Co., Sept. T., 1891, No. 813, for plaintiffs on a case stated.    Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

William Frederick Sugden, Edmunds J. Sugden, Thomas Henry Sugden, David M. Smoot and Nancy E. Smoot, his wife, William Ashby and Miriam Ashby, his wife, John W. Rexroad and Olive A. Rexroad, his wife, Louisa V. Davis, Middleton V. Davis, James S. Davis and Mary V. Davis, brought assumpsit against M. E. McKenna.    Subsequently the parties entered into the following agreement:

" And now, September 10, 1891, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court, in the nature of a special • verdict.

" James Sugden, late of Pittsburgh, died on the nineteenth day of June, 1891, seised in fee simple of the house and lot of ground situate on Fortieth street, in said city, the property now in question; having made his last will and testament in writing, dated March 7, 1891, after his decease duly proved, and of record in the register's office in Pittsburgh, wherein and whereby he devised as follows :

"'I give, devise and bequeath unto my beloved sons, William Frederick Sugden, Edmunds Jonadab Sugden, Thomas Henry Sugden, and the children of my dearly beloved (deceased) daughter, Mrs. Mary Ann Davis, all my property, real, personal and mixed, of what nature and kind soever and wheresoever the same shall be at the time of my death ; the same shall be

divided and distributed as follows: After the payment of all my just debts and the expenses of respectable interment, I devise that all the remainder of my property shall be divided into four equal parts or shares and be distributed as follows:

"'I devise that my son, William Frederick Sugden, shall receive one share of the same, being a one fourth of the whole of the remainder of my property; but in case of his death his share to be equally divided between his children Mrs. Sarah L. Wilcox, John E. Sugden, William E. Sugden, Mrs. Mary M. E. Smith, Eva I. Sugden and Bertha C. Sugden, share and share alike, but in the case of the death of any of them without issue, then their share is to be equally divided among the remaining children.

"'I devise that my son, Edmunds Jonadab Sugden, shall receive one share of the same, being a one fourth of the whole of the remainder of my property; and in case of his death his share to be paid over to his wife, Mrs. Kate C. D. Sugden, or her heirs, to be used for the maintenance of their children.

"'I devise that my son, Thomas Henry Sugden, shall receive one share of the same, being a one fourth of the whole of the remainder of my property; and in case of his death his share is to be paid over to his wife, Mrs Clara W. Sugden, or her heirs, to be used for the maintenance of their children.

"'I devise that the children of my dearly loved (deceased) daughter, Mrs. Mary Ann Davis, shall receive one share of the same, being the remaining one fourth of the whole of the remainder of my property; the same to be equally divided between her children, Mrs. Nancy E. Smoot, Mrs. Miriam S. Ashby, Louisa V. Davis, Middleton V. Davis, Mrs. Olive A. Rexroad, James S. Davis and Mary V. Davis, share and share alike; but in case of the death of any of them without issue, then their share to be equally divided among the remaining children.'"

" The devisees named in the will are the next of kin and only heirs at law of the testator.

" Afterwards, the said devisees, the plaintiffs, supposing their title to be a fee simple under the will, agreed in writing dated July 1, 1891, signed and sealed by both parties, to convey the house and lot in question to the defendant for the price of six

thousand five hundred dollars, which by the same the defendant agreed to pay on delivery of a deed for the same.

" Afterwards, on the tenth day of August, 1891, the plaintiffs tendered a good and sufficient deed to the defendant for the said premises, and demanded payment of the price, six thousand five hundred dollars, which the defendant refused, she alleging that the plaintiffs' title under said will was not a fee simple.

" If the court be of opinion that the plaintiffs, William Frederick Sugden, Edmunds J. Sugden and Thomas Henry Sugden, the three children of the testator, and Nancy E. Smoot, Miriam Ashby, Olive A. Rexroad, Louisa V. Davis, Middleton V. Davis, James S. Davis and Mary V. Davis, each and all, took a fee simple in the real estate of the testator, then judgment to be entered for the plaintiffs for the sum of six thousand five hundred dollars ; but if not, then judgment to be entered for the defendant. The costs to follow the judgment, and with leave to either party to appeal to the Supreme Court without oath or bail."

STOWE, P. J., on Sept. 24, 1891, entered judgment on the case stated in favor of the plaintiffs for the sum of $6,500, with costs. Defendant appealed.

· *Error assigned* was the entry of judgment for plaintiffs on the case stated.

*J. J. Miller* for the appellant, cited : (1) As to the meaning of the words " death without issue :" Cochran v. Cochran, 127 Pa. 486 ; Homet v. Bacon, 126 Pa. 176 ; Stevenson v. Fox, 125 Pa. 568 ; Middleswarth v. Blackmore, 74 Pa. 414 ; Eachus's Ap., 91 Pa. 105 ; Smith's Ap., 23 Pa. 9 ; Lapsley v. Lapsley, 9 Pa. 130 ; Eichelberger v. Barnitz, 9 W. 447 ; distinguishing Stevenson v. Fox, 125 Pa. 568 ; Mickley's Ap., 92 Pa. 514 ; Fitzwater's Ap., 94 Pa. 141 ; McCormick v. McElligott, 127 Pa. 230 ; King v. Frick, 135 Pa. 575. (2) As to the force of the word " then :" Rewalt v. Ulrich, 23 Pa. 388 ; Riehle's Ap., 54 Pa. 97. (3) As to the nature of the estate devised in addition to cases already cited : Potts's Ap., 30 Pa. 168 ; Bassett v. Hawk, 118 Pa. 94 ; Hackney v. Tracy, 137 Pa. 53 ; Reinoehl v. Shirk, 119 Pa. 108 ; 2 Bl. Com. 173 ; Brown's Est., 38 Pa. 294 ; Curran v. McMeen, 55 Pa. 487 ; Toman v.

Dunlop, 18 Pa. 72 ; Nicholson v. Bettle, 57 Pa. 384 ; Mifflin
v. Neal, 6 S. & R. 460 ; Berg v. Anderson, 72 Pa. 87 ; Hill v.
Hill, 74 Pa. 173 ; Eichelberger v. Barnetz, 17 S. & R. 293 ;
Kelso v. Dickey, 7 W. & S. 279 ; Burd v. Burd, 40 Pa. 182 ;
Taylor v. Taylor, 63 Pa. 481 ; Criley v. Chamberlain, 30 Pa.
161 ; 2 Jarman on Wills, 311 ; Rapp v. Rapp, 6 Pa. 45 ;
Fearne on Rem. 482 ; Eby v. Eby, 5 Pa. 464 ; Fox's Ap., 99
Pa. 387 ; Price v. Taylor, 28 Pa. 95.

C. Hasbrouck, for the appellees, cited : Stevenson v. Fox,
125 Pa. 568 ; King v. Frick, 135 Pa. 575.

PER CURIAM, January 4, 1892.

We agree with the learned judge below, that the plaintiffs
took a fee-simple estate in the land in controversy, under the
will of James Sugden. It follows that judgment was properly
entered upon the case stated, and it is accordingly affirmed.

C.