John H. Flick, John M. Flick, Catherine, intermarried with William Cunningham, James Bartley, guardian of Howard Bartley, John C. Flick, R. G. Flick, W. J. Flick, H. W. Flick, Grant Flick, Mary E., intermarried with W. R. Vogley, Nancy J. Richey ( widow ), John Thompson, Robert Thompson, Henry C. Thompson, James Thompson, Wm. F. Thompson, Esther E. Thompson, John L. Moore, Sarah W., intermarried with Jeff. Davis, Appellants, *v.* The Forest Oil Company.

*Will—Devise—Fee simple—Life estate.*

Testator gave to his son and daughter " to hold and share alike all that balance of land . . . . together with all my personal estate whatsoever to hold to them their heirs and issue. And my will and meaning is that in case my son or my daughter should depart this life without issue his part or portion, her part or portion, shall remain with the other said party during his or her natural life; and it shall then go and be equally divided into six shares among the following persons." *Held*, that the son and daughter having survived testator took a fee simple estate at his death.

Argued Oct. 21, 1898.   Appeal, No. 182, Oct. T., 1898, by plaintiffs, from judgment of C. P. Butler Co., Sept. Term, 1897, No. 68, by the court in a trial without a jury.   Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Ejectment for a tract of land in Middlesex township.

Trial by the court without a jury, under the act of April 22, 1874.

The facts appear by the opinion of GREER, P. J., which was as follows :

This action of ejectment was brought by the plaintiffs on August 16, 1897, to recover one hundred acres of land in Middlesex township, in the possession of the Forest Oil Company, which claims under an oil and gas lease from Henry and Mary Ann Flick to John A. Hill, dated October 29, 1887, and by various assignments and transfers conveyed to the defendants; also a lease to J. M. Guffey & Co., dated July 10, 1888, assigned to the defendant.

After the jury had been sworn and the testimony in the case taken, the parties all agreed in writing to dispense with the trial by jury and submit the decision of the case to the judge of the court, to hear and determine the same under the provisions of the Act of May 22, 1874, P. L. 109.

It is admitted that all parties claim through John Flick, Sr., and the only question for consideration is whether or not the lessors had such an estate in the land as enabled them to make a lease for a term running after their death.

### FINDINGS OF FACT.

From a careful consideration of the evidence in the case, I have reached the following findings of fact:

1. John Flick, Sr., was the owner of the land described in the writ on April 15, 1870, and at the time of his death in 1870.

2. On April 15, 1870, John Flick made and executed his last will and testament, probated June 7, 1870, in and by which he made the following devise to Henry and Mary Ann Flick: " I give and bequeath to my son Henry Flick and my daughter Mary Ann Flick, to hold and share alike, all that balance of land, messuage or tenement on which I now live, situate, lying and being in Middlesex township, and county aforesaid, together with all my personal estate whatsoever, to hold to them, the said Henry Flick and Mary Ann Flick, their heirs and issue. And my will and meaning is that in case my son Henry Flick or my daughter Mary Ann Flick should depart this life without issue, his part or portion, her part or portion, shall remain with the other said party during his or her natural life. And shall then go and be equally divided into six shares among the following persons: My eldest son, John Q. Flick heirs one-sixth part, my eldest daughter Ellen, intermarried with Jacob Waddle, one-sixth part, my son Edward Flick one-sixth part, my daughter Sarah Jane, intermarried with Robert More, one-sixth part, my grandson Henry C. Thompson one-sixth part, my grandson William T. Thompson one-sixth part."

3. After the death of the testator, Henry and Mary Ann went into possession of the land under the will, and so remained until their death. Henry died April 12, 1897, and Mary Ann July 7, 1897, both intestate, unmarried and without issue.

4. Henry and Mary Ann Flick joined in making two oil and gas leases for the land described in the writ, one for eighty acres made to John A. Hill on October 29, 1887, recorded June 26, 1888, in deed book 98, page 129, which Hill assigned to W. S. Guffey and Emmet Queen, January 3, 1888, who assigned the same to J. M. Guffey, November 9, 1888, and one to J. M. Guffey & Co., dated July 10, 1888, for twenty acres, both being for a term of ten years and thereafter while oil and gas are produced in paying quantities upon the premises, and both being duly assigned to the defendant company, November 13, 1890, and recorded April 13, 1891. The defendant is still in possession of the said leases, pumping and producing oil.

5. The plaintiffs are the next of kin of Henry and Mary Ann Flick, and upon their death became the owners in fee of the land devised to them and described in the writ herein, subject to the defendant company's lease.

### CONCLUSIONS OF LAW.

From a careful consideration of this case, I have reached the following conclusions of law, which seem to me to apply to the facts as found:

1. As a conclusion of law, the words in the will conferring an estate in fee simple to Henry Flick and Mary Ann Flick, their heirs and issue, cannot be reduced to a life estate without an intent clearly and plainly expressed in the will.

2. The clause in the will, to wit: "In case my son Henry Flick or my daughter Mary Ann Flick should depart this life without issue," shall be construed to mean death in the lifetime of the testator and not an indefinite failure of issue.

3. The devisees, Henry and Mary Ann Flick, had and took a fee simple estate at the death of the testator.

On a careful examination of the law and facts in this case I fail to find anything to distinguish it on the question of law from the cases of the Estate of Mary Biddle, 28 Pa. 62, Mickley's Appeal, 92 Pa. 514, Fitzwater's Appeal, 94 Pa. 141, King v. Frick, 135 Pa. 575, Grimes v. Shirk, Appellant, 169 Pa. 74, and others cited by the defendant, where it has been repeatedly ruled that when a bequest be made to a person absolute in the first instance, and it is provided that in the event of death or death without issue another legatee or legatees shall be substi-

tuted to the share or legacy there given, it shall be construed to mean death or death without issue before the testator, and that the first taker is always the first object of the testator's bounty, and the absolute estate is not to be cut down to an estate for life without clear evidence of such intent.

We have no such clear evidence of intent on the part of the testator, John Flick, to reduce the share to Henry and Mary Ann to a life estate as will distinguish this case from the cases cited, and therefore it must be held that they had an absolute, indefeasible interest in the share bequeathed to them, and that the leases made by them under which the defendants claim are good and valid.

Now, April 25, 1898, the court being of the opinion that under the will of John Flick, deceased, the estate devised to Henry Flick and Mary Ann Flick in the land described in the writ is a fee simple, they having survived the testator, and their leases made to John A. Hill and J. M. Guffey & Co., under which the defendant claims, are good and legal, for the term and upon the conditions therein stated, this case is there-fore decided in favor of the defendant, and it is directed that this decision be filed in the office of the prothonotary, and no-tice thereof shall be forthwith given to the parties or their attorneys, and if no exceptions thereto are filed in the prothono-tary's office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary in favor of the defendant and against the plaintiffs for cost.

On exceptions the court filed the following opinion:

This case now comes up on exceptions filed to the findings of the court, and in support thereof the attorneys for the plain-tiffs cite, in addition to the authorities first cited, the case of Ralston v. Truesdell, 178 Pa. 429. On a careful re-examination of this case, I am not able to find anything in the will of the testator to show intent on his part to take the case out of the ruling that when a devise be made to a person absolute in the first instance, and it is provided that in the event of death without issue another legatee, or legatees, shall be substituted to the shares or legacy there given, it shall be construed to mean death or death without issue before the testator, and that the first taker is always the first object of the testator's bounty, and the absolute estate is not to be cut down to an estate for

life without clear evidence of such intent.   It has been argued to the court on part of the plaintiffs that at the time the testator made his will he was so far advanced in years that he could not have reasonably expected Henry and Mary Ann to marry and have children in his lifetime, but no proof was offered as to his age, neither was there evidence that he was suffering from any accident or disease which would necessarily take his life before it was possible for them or either of them to marry and have issue.   In Ralston v. Truesdell the will of Joseph Alexander itself showed an intent on his part that Nancy Ramsey, his granddaughter, should have no interest in the land in dispute until after the termination of the life estate given to his widow.   The Court says : "No immediate gift was made to Nancy Ramsey.   She must wait, not only until after the death of the testator, but until after the death of his widow, the life tenant, before she receives anything.   The testator, in making the devise to Nancy Ramsey, referred to an event that would take place subsequent to his death, to wit: the death of his wife, who was made a life tenant of the very property devised." The court in deciding the case refers to Jessup v. Smuck, 16 Pa. 339, and the words of Mr. Justice CHAMBERS, to wit: "In the cases which limit the death to the testator's lifetime, it is admitted that it is adopted from necessity, in aid of what was considered the general intent of the testator, and was not applied where the first taker is referred to or treated as living at a period subsequent to the death of the testator."

In view of all the authorities in this case, the exceptions are dismissed and judgment directed to be entered for the defendant with costs according to the decision of the court previously filed.

*Error assigned* was the judgment of the court.

*John M. Thompson*, with him *W. C. Thompson*, for appellant.

*W. D. Brandon*, with him *R. W. Cummins*, for appellee, cited Caldwell v. Skilton, 13 Pa. 152; Mickley's App., 92 Pa. 514; King v. Frick, 135 Pa. 575; Stevenson v. Fox, 125 Pa. 568; Morrison v. Truby, 145 Pa. 540; Karker's App., 60 Pa. 141.

PER CURIAM, October 31, 1898:

The judgment in this case is affirmed on the opinion of the learned judge of the court below.