## Sharpless's Estate.

*Wills—Life estate—Remainder—Estate in fee simple.*

Testator after having given his wife a life estate directed as follows: "And further, from and immediately after the decease of my said wife, I do give, devise and bequeath unto my son his heirs, executors, administrators and assigns, to, and for, his own use only and behoof forever, all the rest residue and remainder of my estate real, personal and mixed whatsoever and wheresoever, except the three bequests hereafter named to be paid on and after the death of my said wife, providing nevertheless that if my said son shall depart this life without leaving lawful issue to survive him and my said wife being also deceased, then it is my will and I do hereby give, devise and bequeath unto the three daughters of C. the sum of three thousand dollars." After other bequests he gave his residuary estate to charities.  The widow died after testator, and the son died after his mother, unmarried.  *Held,* that upon the death of testator's widow the son took an absolute estate in fee simple.

| 209 | 409 |
|-----|-----|
| 211 | 30 |
| 209 | 409 |
| 35 SC | 528 |

Argued March 29, 1904.  Reargued May 9, 1904.  Appeal, No. 21, Jan. T., 1904, by George H. Off, Jr., et al., Executors of N. Harrison Purdy, deceased, from decree of O. C. Phila. Co., July T., 1903, No. 153, dismissing exceptions to adjudication

in estate of Joseph I. Sharpless, deceased. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*George Wharton Pepper*, with him *Henry B. Hodge* and *Charles H. White*, for appellant.—Testator clearly intended the ulterior limitations to take effect in any event upon the death of his son Charles without leaving lawful issue to survive him whenever that death might occur: Middleswarth v. Blackmore, 74 Pa. 414.

The rule of construction, that where the context is silent, the death of the first taker shall be construed to mean death in the lifetime of the testator or death in the lifetime of the tenant of the particular estate, has never been applied in Pennsylvania, unless the application of the rule has been in conformity with the probable intention of the testator: Stoner v. Wunderlich, 198 Pa. 158; Ralston v. Trusdell, 178 Pa. 429; Jessup v. Smuck, 16 Pa. 327.

*Frank P. Prichard*, with him *Francis A. McCarron*, *Sharswood Brinton* and *George Tucker Bispham*, for appellee.

OPINION BY MR. JUSTICE BROWN, June 15, 1904:
After creating a trust of substantially his entire estate, to continue during the lifetime of his widow, the testator provided that upon her death it should terminate, and, after directing that $6,000 should be paid to such person or persons as she might name in her will, he disposed of the rest of his estate as follows: " And further, from and immediately after the decease of my said wife, I do give, devise and bequeath unto my said son Charles his heirs, executors, administrators and assigns, to, and for, his own use only and behoof forever, all the rest, residue and remainder of my estate real, personal and mixed whatsoever and wheresoever except the three bequests hereafter named to be paid on and after the death of my said wife,

Providing nevertheless that if my said son Charles shall depart this life without leaving lawful issue to survive him and my said wife Ann Maria Sharpless being also deceased Then it is my will and I do hereby give devise and bequeath unto the three daughters of Joseph Cranmer the sum of Three thousand dollars ; " and, after making other various bequests, he gave his residuary estate to The Northern Home for Friendless Children, The Foster Home and The Merchant's Fund for Brokendown Merchants, all of the city of Philadelphia. The testator died June 7, 1870. His widow survived him nearly ten years, and his son, who was never married, died May 12, 1903.

In interpreting the clause quoted, and from which the question raised on this appeal is to be determined, we need invoke no rules of construction nor consider the cases and authorities cited in the elaborate argument of the learned counsel for the appellants. The intention of the father, that the son should come into possession of an indefeasible estate if he should survive the mother, seems to be so clear that no refined reasoning ought to make it doubtful, and, as no rule of construction requires us to strike it down, it is supreme. To his son, from and immediately after the decease of his wife, he gives and devises, in clear, apt, and even technical, words his entire estate, less three bequests which he specifies in a later clause of his will; but, though this is so, the appellants point to the proviso that, if the son should " depart this life without leaving lawful issue to survive him and my said wife Ann Maria Sharpless being also deceased then it is my will," etc., as cutting down this absolute estate, because the son did die without leaving lawful issue to survive him. Such an absolute gift can be cut down by subsequent words, unequivocally showing that to have been the testator's intention, but they are not found in this proviso. As we read them, they are expressive of an intention, apart from any rule of construction, that, if the son died during the lifetime of the widow, without leaving lawful issue to survive him—died without leaving lawful issue to survive him, before the period of distribution, which was her death—then, and only then, was there a limitation over ; and the words " and my said wife Ann Maria Sharpless being also deceased " were used to express the intention that, though there should be the limitation over, it should not take place upon the death of the

son, but only upon the succeeding death of the widow. The intention of the testator would, perhaps, have been more clearly expressed if he had said, "if my said son Charles shall depart this life without leaving lawful issue to survive him, then, upon the death of my wife, Ann Maria Sharpless, I give, devise and bequeath," etc., but the words used express with sufficient clearness the intention, that only upon the death of the widow, surviving his childless son, should his estate pass to the persons and charities named. A very reasonable explanation given by the court below for the insertion of the words "my said wife Ann Maria Sharpless being also deceased," is that the testator, notwithstanding the creation of the trust to exist during the lifetime of the widow, was anxious to protect her from any possible claim that might be made by a legatee for his legacy immediately upon the death of the son, dying without leaving lawful issue during her lifetime.

We affirm the decree because survivorship of the mother was the only condition annexed to the absolute gift to the son ; and he did survive her and come into possession and absolute control of what his father gave him. Decree affirmed and appeal dismissed at costs of appellants.