## McAlpin's Estate.

*Wills—Remainders—Death without issue.*

If a bequest be made to a person absolute in the first instance, and it is provided that in the event of death or death without issue another legatee or legatees shall be substituted to the share or legacy so given, it shall be construed to mean death without issue before the testator, if the gift is immediate, or death without issue during the continuance of the prior estate where the limitation is by way of remainder.

Testator in his will, after directing his trustees to pay the semiannual income and profits of one third of his estate to his daughter for life, and giving her a power of appointment which was not exercised, provided as follows: "In case all her children shall depart this life without issue, the part or share in this my last will and testament devised to the said children of my daughter Mary shall revert to and be equally divided among my surviving heirs." *Held,* that after the daughter's death her children took an absolute estate free from the trust.

Argued Jan. 6, 1905. Appeal, No. 96, Jan. T., 1904, by Alexander Harding, trustee, from decree of O. C. Phila. Co., April T., 1882, No. 255, dismissing exceptions to adjudication in Estate of James McAlpin, deceased. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

PENROSE, J., filed an adjudication which was in part as follows:

The account has been filed for the purpose of having the question decided as to the continuance of the trust, which was

created by the will of the decedent—the grandfather of the cestui que trust.

The testator died, as represented in the petition annexed, in July, 1847. His will, with ·codicils, proved July 26, 1847, shows that he had three children, Mary F. Sommerville, Margaret S. Harding and Alexander B. McAlpin, of whom the latter had already received a considerable share of the estate. He gave the residue of his estate, therefore, to trustees, viz: his son-in-law, John Harding, Alexander Towar, his two daughters and his niece, Maria McAlpin, in trust to pay the income of one third to his daughter, Mary F. Sommerville, for life, etc., the income of another third to his daughter, Mrs. Harding, etc., and the income of the remaining third to his niece, Maria McAlpin, for life—it being provided in the case of his niece that at her death "(she leaving no issue) then her share of the estate to be equally divided into three parts, as follows: One part to Mary Fulton Sommerville or her heirs, one part to the children of Alexander B. McAlpin, and one part to Margaretta Shedden Harding or her heirs, share and share alike." It was also provided that the income of the share thus given at the death of Maria McAlpin to the children of Alexander McAlpin, should be paid to their father, Alexander McAlpin, for life, and at his death, the principal to such children, in equal shares, etc.; and there was a further provision that if the estate should increase in value so as to "make each of such heirs equal with the sum which my son, Alexander B. McAlpin, has already received, and there be a residue, such residue should be divided into four equal parts," the income of one of which should be paid to his said son for life, and at his death "the said share to go to the sole use and benefit of each of the surviving children of the said Alexander B. McAlpin, share and share alike," —the other three shares of residue going to his daughters and niece "as divided above."

The provisions of the will with regard to the share of Mrs. Sommerville, which are scattered through the will, are as follows: "I further will and direct that my said trustees shall from time to time pay the semi-annual income, interest and profit of one third part of my said estate to my said daughter, Mary Fulton Sommerville, widow of Maxwell Sommerville, for her sole and separate use during her natural life.". . . At the death

of Maria McAlpin (she leaving no children), " then her share of the estate to be divided into three parts, as follows: one part to Mary Fulton Sommerville or her heirs; one part to the children of Alexander B. McAlpin; and one part to Margaretta Shedden Harding or her heirs. I further will and direct with respect to the devises and legacies given to my daughters, Mary F. Sommerville and Margaretta S. Harding, that each of them, whether single or consort, shall have the power by will or appointment in nature of a last will and testament to devise and bequeath to whomsoever they may please as fully and amply as they may desire all the estate devised and bequeathed to them in this my will. . . .

" It is further my will and meaning that the money left by me to my daughters Mary and Margaretta shall not at any time be liable for the debts of their respective husbands—I hereby authorize and direct the trustees . . . . to pay the semi-annual income and profits devised to my daughter Mary F. Sommerville, into her own hands for her sole use and benefit, and her receipt for the same shall be good and available in law, or in their discretion at her request to appropriate said income to her maintenance and support so that the same shall not be in any wise liable for any debt or debts of her late husband, Maxwell Sommerville, deceased, which may remain unpaid—I further will and direct that the interest and income given and devised to my said daughter, Mary F. Sommerville shall be paid to herself alone, as from time to time they shall become due, and that they shall not in any manner be liable for her present or future debts, or to be transferred or disposed of by her, and in case all her children shall depart this life without issue, the part or share in this my last will and testament devised to the said children of my daughter Mary shall revert to and be equally divided among my surviving heirs."

It was stated by counsel that the amount advanced by the testator to his son Alexander B. McAlpin, in his lifetime, was $30,081.60.

Mrs. Sommerville died, as further represented, in 1861, intestate, leaving two children, Maxwell Sommerville and James M. Sommerville.

Mrs. Harding has also died, having exercised her power of

appointment in favor of her children.   Maria McAlpin died in 1869, intestate and without issue; and Alexander B. McAlpin, in 1858, intestate, leaving a daughter, Meta R. Phillips, who has since died leaving three children, Helen Weber, McAlpin Phillips, and William Phillips.

All of the original trustees are dead, and the present accountant was appointed their successor in 1868.

Apart from the implication of a gift to the children of Mrs. Sommerville from the limitation over in the event of the death of such children without issue, the testator has expressly declared in the last clause relating to her that he has " devised " the shares to them.

Taking the will in its entirety, we have, therefore, an equitable estate in the daughter of the testator, for life, followed by a vested gift, unlimited as to duration, to her children, subject to be divested by the exercise of her power of appointment (Perry on Trusts, sec. 250), and subject also to be divested by the death of such children "without issue," in the sense that such death is presumed to have been intended by him.

The daughter having died without exercising her power of appointment, the case falls within the familiar principle, illustrated by Mickley's Appeal, 92 Pa. 514; Morrison v. Truby, 145 Pa. 540; Coles v. Ayres, 156 Pa. 197; and very many other decisions, that " if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death or death without issue, another legatee or legatees shall be substituted to the share or legacy so given, it shall be construed to mean death or death without issue before the testator," if the gift is immediate, or death or death without issue during the continuance of the prior estate where the limitation is by way of remainder: Edwards v. Edwards, 15 Beav. 357; 2 Williams on Executors, 1365, 1366.   The doctrine of Mickley's Appeal is not in accordance with the English decisions as to immediate gifts, if the limitation over is " in case of death without issue "—which is there understood as meaning death without issue whenever it may happen ; but where these words are annexed to a gift in remainder, even the English cases hold that they are referable to a death without issue before the time of distribution, viz.: before the termination of the prior estate: Edwards v. Edwards, 15 Beav. 357.   The ques-

tion was considered by the court in banc, in the recent case of Sharpless's Estate, 209 Pa. 409.

The will makes no attempt to continue the trust after the interest of the children of the daughter have vested in possession at her death; and even if it did, as the trust would have no recognized legal object—the estates having vested absolutely, the legatees would be entitled to the possession of the property discharged of the trust: Gray on Perpetuities, sec. 120.

James M. Sommerville and Maxwell Sommerville both survived their mother, and their estates then became absolute— the share of the former passing under his will (as represented to the court), at his death in 1899, to his brother, Maxwell Sommerville. An account, it was stated, was filed by his executor, which was duly adjudicated and distribution awarded to his legatees.

*Errors assigned* were in dismissing exceptions to adjudication.

*Hampton L. Carson*, with him *G. Heide Norris*, for appellant. —Intention must govern: Middleswarth v. Blackmore, 74 Pa. 414; Mickley's App., 92 Pa. 514; Stoner v. Wunderlich, 198 Pa. 158; Sharpless's Est., 209 Pa. 409; Jackson's Est., 209 Pa. 520.

There was a valid trust: Barnett's App., 46 Pa. 392; Kuhn v. Newman, 26 Pa. 227; Bacon's App., 57 Pa. 504; Earp's App., 75 Pa. 119; Ashhurst's App., 77 Pa. 464; Eley's App., 103 Pa. 300; Livezey's App., 106 Pa. 201.

There is no direct gift to the children of Mary F. Sommerville. Where a will was intended to provide, not for the death of a donee, but for the death of the donee without children, the intention would be but half fulfilled if the death of the tenant for life was taken as the limit at which the donee's title was to become absolute. On the death of the donee without children at any time, before or after the death of the tenant for life, the gift would be determined, and the fund would fall into the residue if there was no intervening donee to take it.

In this case, the fund could not fall, because it was in the hands of the trustees for the purpose of supporting and uphold-

ing the contingent remainders; this was the clear intention of the testator, and the purpose for which the trust was created: O'Mahoney v. Burdett, L. R. 7; Eng. & Irsh App., 388.

*Peter Boyd*, for appellees, cited: Ross v. Drake, 37 Pa. 373; Sharpless's Est., 209 Pa. 409.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905:

We have carefully read and considered the extended argument of the learned counsel for the appellant, but it has failed to convince us that the decree of the court below is erroneous. On the contrary, the conclusion of the court on the questions presented for consideration is amply sustained by the opinion of the learned auditing judge and the authorities he cites.

Appellant's counsel concede the correctness of the rule announced by the auditing judge that if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death or death without issue another legatee or legatees shall be substituted to the share or legacy so given, it shall be construed to mean death or death without issue before the testator, if the gift is immediate, or death or death without issue during the continuance of the prior estate where the limitation is by way of remainder. They, however, deny that the rule has any application here because, as they allege, there is no direct gift of an absolute interest in principal to a first taker. It is, as must be, admitted that there is clearly an estate vested in Mrs. Sommerville's children by implication arising from the limitation over in the event of the death of the children without issue. After directing his trustees to pay the semiannual income and profits of one third of his estate to his daughter, Mary Fulton Sommerville, for life and giving her a power of appointment which was not exercised, the testator in his will provides as follows: "In case all her children shall depart this life without issue, the part or share in this my last will and testament devised to the said children of my daughter Mary shall revert to and be equally divided among my surviving heirs." No other disposition was made of this part of the estate by the will. The testator, as will be observed, declares that he has "devised" this part or share of his estate to his grandchildren and provides that the gift shall

not be defeated unless they " depart this life without issue."
Appellant contends that as Mrs. Sommerville had but a life
interest in the one third of the testator's estate, the gift to her
children by implication was of the same interest that she re-
ceived under the will.    That argument might apply with much
force in support of the contention that the appointees of Mrs.
Margaret S. Harding took no part of the estate, as her power
of appointment under which they received absolutely the one
third of the estate was limited to " the estate devised and be-
queathed " to her, but it cannot prevail here.    The implied in-
terest or gift to the children of Mrs. Sommerville arises from
the language of the will just quoted, wherein it is declared
that the part or share " devised " to them shall revert to the
testator's surviving heirs in the event of her children dying
without issue.    In other words, the children were to have the
" part or share " (the one third) of the testator's estate be-
queathed to them unless they died without issue, which, as we
have seen must be construed to occur within the lifetime of
Mrs. Sommerville.    There is no ground for the implication
that they were to take a life interest in that " part or share "
of his estate.    Such inference might have been drawn had the
testator provided that " in case all her children depart this life
without issue, the part or share of this my last will and testa-
ment devised to my daughter, Mary F. Sommerville, shall re-
vert to and be equally divided among my surviving heirs."
But, as will be observed by reference to this clause of his will,
it was not the share or part of his estate given to his daughter
which was a life interest only, but the part " devised to the .
said children of my daughter Mary " that the children were to
have unless they departed this life without issue.    The natu-
ral and necessary implication from the language employed by
the testator, therefore, is that the children of Mrs. Sommer-
ville were to take the corpus of· the one third of the estate as
an absolute gift in case they survived their mother.    This was
manifestly the intention of the testator, and no rule of testa-
mentary construction in this jurisdiction prevents it being car-
ried into effect.

   · James M. Sommerville and Maxwell Sommerville were the
only children of Mary Sommerville, and were both living at
the time of their mother's death.    The one-third part of the

testator's estate, the income from which she had received since the testator's death, was then vested in her two sons in possession. Thereafter they had the right to the absolute control and possession of their gift. The trustees were, therefore, relieved from any further duties relative to the property, and hence there was no longer any necessity for continuing the trust.

The assignments of error are overruled and the decree is affirmed.