## Hannon, Appellant, *v.* Fliedner.

*Will—Estate tail—Estate in fee.*

Testator after giving a life estate to his wife and sister-in-law directed as follows: "After the decease of my wife and my sister-in-law and the termination of the life estates to them herein before mentioned, and subject to the same, I give, devise and bequeath to. my daughter, her heirs and assigns all my property, real, personal and mixed. of every kind and description, but in case of the decease. of my said daughter, without lawful issue surviving her, then and in such case I give, devise and bequeath all my property and estate of every description, real, personal and mixed to my son-in-law, his heirs and assigns forever." *Held,* that the daughter, surviving her father, took an. estate tail which under the Act of April 27, 1855, P. L. 368, was converted into an estate. in fee simple.

Argued Oct. 24, 1906. Appeal, No. 83, Oct. T., 1906, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1906, No. 91, for defendant on case stated in suit of Harriett S. K. Hannon v. Charles Fliedner. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate.

FRAZER, P. J., filed the following opinion :

Robert H. Stewart died July 22, 1879, leaving a will in which certain property, including that described in this case, was devised to his wife and sister-in-law for life. The will provides :

"After the decease of my wife and my sister-in-law and the termination of the life estates to them hereinbefore mentioned, and subject to the same, I give, devise and bequeath to my daughter, 'Mrs. Mary Kirker, her' heirs and assigns, all my property, real, personal and mixed of every kind and description, but in case of the decease of my said daughter, Mary Kirker, without lawful issue surviving her, then and in such case I give, devise and bequeath all my property and estate of every description, real, personal and mixed to my son-in-law, Doctor John Kirker, his heirs and assigns forever."

John Kirker and Mary Kirker had one son, Robert S. Kirker, who died May 1, 1902, unmarried, intestate and with-

out lawful issue. Dr. Kirker was divorced from his wife, Mary Kirker, November 10, 1888, and died January 23, 1897, leaving to survive him a widow, a daughter by his first wife (who is the plaintiff herein), a son, Robert T. Kirker, by his second wife, Mary Kirker, and a daughter, Rose Kirker, by his third wife. Mary Kirker died June 6, 1905. The plaintiff, Harriett S. K. Hannon, claiming as the daughter of Dr. Kirker to own a one-half interest in the land described in this case, sold the same to defendant. This case stated was agreed upon to determine whether or not Mrs. Hannon has an interest in the property. Her claim is based upon the portion of the will of Robert H. Stewart above quoted. We think this case comes within the rule laid down in Mickley's Appeal, 92 Pa. 514, and the line of cases which follow it. In Mickley's Appeal it is said :

" It is very clearly settled, both in England and in this state, that if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death, or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death or death without issue before the testator. The first taker is always the first object of the testator's bounty, and his absolute estate is not to be cut down to an estate for life, or, what is practically the same thing, to be subjected to an executory gift over upon the occurrence of the contingency of death or death without issue at any future period within the rule against perpetuities, without clear evidence of such an intent."

We find no evidence in the will of Mr. Stewart of any intention to cut down the estate of Mrs. Kirker by giving to the words, " without lawful issue surviving her," any other than their well-established meaning. In the absence of evidence indicating such intention, it seems clear to us testator created what would have been an estate tail prior to the Act of April 27, 1855, P. L. 368, but which that act and the line of cases referred to converted into a fee simple estate.

Mrs. Kirker having survived her father, and under his will taken an estate in fee simple in the property described in this case, it follows that plaintiffs have no interest therein. Judgment is therefore entered for defendant.

*Error assigned* was the judgment of the court.

*John P. Hunter*, of *Schoyer & Hunter*, for appellant.—Under the will the words " surviving her," do not refer to Mary Kirker's death in the testator's lifetime, but relates to children living at her death: Mayer v. Walker, 214 Pa. 441; Mickley's App., 92 Pa. 514; Flick v. Oil Co., 188 Pa. 317; Ralston v. Truesdell, 178 Pa. 429 ; Jessup v. Smuck, 16 Pa. 327; McAlpin's Est., 211 Pa. 26; Stoner v. Wunderlich, 198 Pa. 158; Taylor v. Taylor, 63 Pa. 481; Hill v. Hill, 74 Pa. 173; O'Rourke v. Sherwin, 156 Pa. 285; Britton v. Thornton, 112 U. S. 526 (5 Sup. Ct. Repr. 591); Nicholson v. Bettle, 57 Pa. 384; Cote v. Von Bonnhorst, 41 Pa. 243.

A definite and not an indefinite failure of issue was intended: Nicholson v. Bettle, 57 Pa. 384; Nes v. Ramsay, 155 Pa. 628; Miller's Est., 145 Pa. 561; Middleswarth v. Blackmore, 74 Pa. 414.

*George D. Riddle*, with him *Earnest W. Beach*, for appellee.—Under the will, the words: " Without lawful issue surviving her" refer to Mary Kirker's death in the testator's lifetime: Eichelberger v. Barnitz, 9 Watts, 447; Vaughan v. Dickes, 20 Pa. 509; Hackney v. Tracy, 137 Pa. 53; Mickley's App., 92 Pa. 514; Fitzwater's App., 94 Pa. 141; Stevenson v. Fox, 125 Pa. 568; Sharpless's Est., 209 Pa. 409; Morrison v. Truby, 145 Pa. 540; Hogg's Est., 27 Pa. Superior Ct. 428; McAlpin's Est., 211 Pa. 26; Beckley v. Riegert, 212 Pa. 91.

PER CURIAM, January 7, 1907:
Judgment affirmed on the opinion of the court below.