Opinion by
Henderson, J.,
The question for our determination is whether the bequests provided for in the fourth and eighth paragraphs of the will of Henry Rutt are payable out of the decedent’s real estate. That they are a charge on the land is clearly apparent from a consideration of the sixth paragraph of the will and seems to be conceded in-the argument of the appellants’ counsel. It is contended, however, that they are first payable out of the personal estate and if that is not sufficient that the balance is payable out of the real estate, and that the charge on the land is only an additional security to the legatees. The general proposition that the personal estate is the primary *527 fund out of which legacies are paid is not open to debate, but it is equally well established that a testator may direct from what part of his estate the legacies or any of them shall be paid. An examination of the will under consideration makes it apparent that the testator gave to his wife all of his personal estate, out of which she was required to pay the decedent’s debts, his funeral expenses and the cost of the settlement of his estate. There is no ambiguity or obscurity in the first paragraph of the will when read in connection with the fifth. The first paragraph is in these words: “Saving excepting and reserving and subject and liable to as herein after mentioned, I give devise and bequeath unto my present wife Elizabeth (her Family name Zimmerman or Carpenter) all and singular the whole of my Personal and Mixed Estate of what kind and nature whatsoever.” In the next paragraph the testator gave to his wife a fife estate in the real estate therein described. In the third paragraph she was given the right to cut firewood and timber for repairs from another piece of real estate. Then in the fifth it was provided that the devises, legacies and bequests made to her were conditioned that she pay all debts, funeral expenses' and the costs of settlement of the estate. The “saving, excepting and reserving” clause of the first paragraph must be read in connection with the requirements of the fifth paragraph in" order to make the will reasonable and consistent. The clause referred to has no reference to the provisions of the fourth and eighth paragraphs. The fourth paragraph merely gives to the testator’s wife a power of appointment as to a portion of his estate. It does not make a gift to her and has no reference to that part of his estate given to his wife in the first paragraph. As to the latter, she had absolute control because it was her own property and the provision in regard to the $2,000 must necessarily relate to a part of the testator’s estate not disposed of by other provisions of the will. The interpretation contended for by the appellants would require us to hold that the testator gave to his wife all of his personal estate and at the same time intentionally charged it with the payment of legacies which might equal the amount of the bequest to her. More *528 over, the bequest in the eighth paragraph was not payable until after the death of the decedent’s wife and that provided for in the fourth paragraph might not become payable until after her death and in fact did not become payable until after that event. There is no intimation in the language of the-first paragraph that the wife was to have less than an absolute estate. No provision is made for safeguarding the property or any requirement that security be given that it be produced to satisfy any future demand. The testator was childless and we may properly assume that his wife was the first object of his care. There is an intention expressed to make an absolute gift of the personal estate and this cannot be cut down except by language which shows a clear intention to diminish the interest: Yost v. Ins. Co., 179 Pa. 381; Sharpless’s Estate, 209 Pa. 409.
There is the further objection to the position of the appellants, that the testator expressly directed in the sixth paragraph of his will that the legacies and bequests should not only be a charge upon his land, but should be payable “ therefrom and thereout.” This can only refer to the legacies provided for in the fourth and eighth paragraphs. All of the personal estate was given to the wife. Nothing remained for division or distribution except the real estate devised as provided in the sixth paragraph. The testator was aware that out of this must come the fund given in the fourth paragraph and that is the bequest to which reference is made in the sixth paragraph as “ hereinbefore ” made. He also knew that the legacy of $500 payable to Lizzie A. Wanner must come from the same source and it is obviously the bequest to which he referred in the sixth paragraph as “hereinafter” made. The intention to charge the real estate with the payment of these legacies is much more clearly expressed than was that in Swoope’s Appeal, 27 Pa. 58; Clery’s Appeal, 35 Pa. 54, and Hershey’s Estate, 21 Pa. Superior Ct. 651; in all of which it was held that the legacies were payable out of the real estate.
The widow of the testator made a will in which she disposed of all of her personal estate. This, under the third section of the Act of June 4,1879, P. L. 88, was an exercise of the power *529 of appointment contained in the will and entitled her executor to the bequest of $2,000 to be distributed as directed by her.
The foregoing interpretation of the will gives consistency to the whole and is in harmony with the adjudicated cases.
The decree is affirmed.