## Freeman's Estate.

*Wills — Construction —"Deceased" —"Deceasing" —Words and phrases —Death without issue —Trusts and trustees —Assignment to director of a trust company when company is trustee.*

1. If a bequest be made to a person absolute in the first instance and it is provided that, in event of death or death without issue, another legatee or other legatees shall be substituted for the share or legacy so given, it shall be construed to mean death or death without issue before the testator.

2. If a testator uses the word "deceasing" instead of the ordinary word "deceased," and there is nothing in the will to make it

clear that the word refers to some other date, it must be construed as referring to the death of the testator, precisely as if the word "deceased" had been used.

3. The word "deceasing" is a present participle, referring to the present and not to the future.

4. Where a testator gives his estate in trust to pay the income to his six children for life, and, on the death of a child, until the death of all of them, to pay the income which the child would have received, to such persons, of kin to the child, which such child should by will appoint, and, on the death of all six of the children, to divide the principal amongst the persons entitled to the income immediately prior to the death of the last child, the grandchildren of testator have a vested interest in the income, subject to the exercise of the power of appointment in the grandfather's will.

5. In such case, where a son by will gives his share of income in certain proportions to his children, and also provides that, on the distribution of principal as provided by his father's will, the children shall take a share of principal in proportion to their share of income, a grandson of testator both under his grandfather's will and his father's will has a vested interest in the principal, and may, after his father's death and before final distribution, alienate such interest.

6. An assignment of such interest by him to an individual in trust for a corporation, is valid, although such person is a director of the trust company which was the trustee under the grandfather's will, where the assignor lived nearly twelve years without seeking to avoid it; laches will operate as an estoppel.

Argued May 21, 1924. Appeal, No. 57, Jan. T., 1925, by George P. Freeman, from decree of O. C. Phila. Co., Jan. T., 1881, No. 228, dismissing exceptions to adjudication in estate of Henry G. Freeman, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of HENDERSON, J.
The opinion of the Supreme Court states the facts.*

---

* NOTE: This estate has been before the appellate courts as follows: Freeman's Est., 181 Pa. 405; Freeman's Est., 35 Pa. Superior Ct. 185; Freeman's Est., 220 Pa. 343; Freeman's Est. (No. 1), 40 Pa. Superior Ct. 31; Freeman's Est. (No. 2), 40 Pa. Superior Ct. 41; Freeman's Est., 227 Pa. 154 (1910); Freeman's Est., 280 Pa. 273.

Exceptions dismissed in opinion by THOMPSON, J. George P. Freeman, a great-grandson of testator, appealed. See 4 D. & C. Rep. 367.

*Error assigned* was decree, quoting it.

*Henry A. Hoefler,* for appellant.—Under the will of James Black Freeman, his son Robert C. Freeman had an interest in the income only of the estate of Henry G. Freeman, during his life, and if he was alive at the time the principal was distributable, then he would have been entitled to his share of the principal, but having failed to be alive at the happening of said event, his children, of whom George P. Freeman, appellant, is one, were entitled to their father's share of the income, from date of his death, namely, October 22, 1921, and to their father's share of the principal of the estate.

A director of a corporation trustee comes within the rule forbidding those in a fiduciary or confidential relation to purchase the interests of a beneficiary of the trust: Granger v. Pigott, 10 Pa. Dist. R. 327; Herr's Est., 1 Grant 272; Beeson v. Beeson, 9 Pa. 279; Miggett's App., 109 Pa. 520; Brownfield's Est., 193 Pa. 151; Neely's Est., 155 Pa. 133; Spencer's App., 80 Pa. 317.

*Frederick C. Newbourg, Jr.,* for appellee, cited, as to the construction to be given to the will of James Black Freeman: McAlpin's Est., 211 Pa. 26; Mickley's App., 92 Pa. 514; Neubert v. Colwell, 219 Pa. 248; Scott's Est., 37 Pa. Superior Ct. 342.

As to the question raised with respect to the validity of the deed from Robert C. Freeman to Henry Tatnall: Costen's App., 13 Pa. 292; Darlington's Est., 147 Pa. 624; Hammond v. Hopkins, 143 U. S. 224.

OPINION BY MR. JUSTICE WALLING, July 8, 1924:

The original testator, Henry G. Freeman, died in 1875 and by his last will gave his estate to a trustee in trust

to pay the income to his six children, in equal shares, for life, and "from and after the death of either of my sons or daughters and until the death of all of them to pay the income which he or she would, if living, have received, to such person or persons of kin to such son or daughter as he or she may by will have appointed, and in default of appointment to the child or children of such son or daughter that may then be living or the issue of any child or children of such son or daughter that may then be dead......per stirpes, and if there be no children or issue of such son or daughter, then to such person or persons as would take from......me if I had lived until then and died intestate. In trust when...... the longest liver of them, my sons and daughters, shall be dead to make partition......and division of my entire estate......amongst the persons receiving or entitled to the income thereof immediately prior to such death by virtue of the previous clause of this my will." A son, James Black Freeman, not the last survivor, died in 1907, having by his last will exercised the power of appointment, inter alia, as follows: "I direct and appoint the said income to be apportioned among and paid over to my said children in the following shares and proportions namely......eight thirtieth [increased to 48/150] parts of shares [of his one-sixth interest in his father's estate] to my son Robert C. Freeman......The lawful issue of any deceasing child to be entitled to their parent's share equally per stirpes and the shares of any deceasing child leaving no lawful issue to increase the shares of the survivors and the shares of issue of deceasers each in the same proportion as the respective shares of such survivors and issue bear toward one another in the original grant and at the death of the longest liver of my brothers and sisters when my said father's estate comes to be divided in terms of his said will among the persons receiving or entitled to receive the income thereof immediately prior to such death of such longest liver of my brothers and sisters I direct that over what-

ever portion or share of said estate my own right of appointment extends the same shall be divided accordingly and that the proportions above allotted to each respective child as regards the said income shall in like manner apply to the capital or principal of my said father's estate." Robert C. Freeman died in October, 1921, having previously thereto, to wit, in February, 1910, assigned all the estate, vested in him by the wills above mentioned, to Henry Tatnall. On the audit of the fourth account of the trustee of the Henry G. Freeman estate (after the death of his last surviving child), the auditing judge, affirmed by the orphans' court, awarded the Robert C. Freeman share in the estate to Tatnall's assignee; therefrom appellant, a son and heir of Robert C. Freeman, has appealed.

In our opinion the adjudication was right. When the will of Henry G. Freeman was before the Superior Court in Freeman's Est. (No. 1), 35 Pa. Superior Ct. 185, it was construed as creating a vested remainder of the income in the grandchildren, subject to the exercise of the power of appointment contained in their grandfather's will. While that is not res judicata as to the present appeal (Kellerman's Estate, 242 Pa. 3; Metzger's Est., 222 Pa. 276), we have recognized it as a sound construction of the same will in Freeman's Est., 280 Pa. 273. A somewhat similar case is Harned's Est., 273 Pa. 237, and see Bair's Est., 255 Pa. 169; Marshall's Est., 262 Pa. 145.

The contention that the will of James Black Freeman limits his children to the income of their shares in the estate and does not carry the principal is untenable. Both wills provide that those entitled to the income immediately before the death of Henry G. Freeman's last surviving child shall share in the principal. Appellant's contention is based on the use of the word "deceasing" in place of the more common word "deceased" in the James Black Freeman will, but we agree with the orphans' court that such fact does not justify a different

construction. As to this branch of the case we adopt the language of the auditing judge as follows: "It is a rule of law that if a bequest be made to a person absolute in the first instance and it is provided in the event of death or death without issue another legatee or legatees shall be substitued for the share or legacy so given, it shall be construed to mean 'death or death without issue before the testator.' See Mickley's App., 92 Pa. 514, and McAlpin's Est., 211 Pa. 26. In Neubert v. Colwell, 219 Pa. 248, the rule is thus stated: 'The general rule is that, after an absolute devise in fee, a provision that in case of the death of the devisee without issue or without issue living at the time of his death, or similar phrase, then over to another, is not a limitation or curtailment of the prior devise, but is alternative or substitutionary and could take effect only upon the death of the first devisee in the lifetime of the testator.' The question is, does the use of the word 'deceasing' give rise to any different construction? In the Century Dictionary 'deceasing' is said to be a present participle. It refers to the present and not to the future, and since there is nothing in the will of James Black Freeman which makes it clear that the word, as stated in Scott's Est. [No. 1], 37 Pa. Superior Ct. 342, 'refers to some other date,' it necessarily follows that it refers to the death of the testator, as of which date, in accordance with the general rule, the will speaks. The word 'deceasing' must be interpreted precisely as if the word 'deceased' had been used instead." That in general the words "death without issue" mean such in the life of the testator, we add the following citations: Mitchell, Admr., v. Railway et al., 165 Pa. 645, 11 R. C. L. 481, 40 R. C. L. 230, 231. It is also fundamental that the gift of an absolute estate will not be cut down by subsequent words of doubtful meaning: Keating et al. v. McAdoo, 180 Pa. 5; Coles et al. v. Ayres, 156 Pa. 197; Gillmer v. Daix, 141 Pa. 505. As there is nothing to take this case out of the general rule, it follows that Robert C. Freeman on his

father's death became vested owner in fee of the income and principal of his share of the estate (see Caldwell v. Skilton, 13 Pa. 152; Sharpless's Est., 209 Pa. 409; Flick v. Oil Co., 188 Pa. 317; Hannon v. Fliedner, 216 Pa. 470; Sugden v. McKenna, 147 Pa. 55) and, although not then entitled to possession, he could lawfully sell and assign the same.

Tatnall bought the property of Robert C. Freeman as agent for the Real Estate Trust Company of Philadelphia, and acquired no individual interest therein; he was, however, at that time one of the directors of the Girard Trust Company, the trustee under the Henry G. Freeman will. This circumstance is urged as a reason for avoiding the Tatnall purchase. It is only necessary to say that, as Robert C. Freeman lived nearly twelve years after making the assignment, and never sought to avoid it, laches without more is a complete answer thereto. See Hammond v. Hopkins, 143 U. S. 224, 250; Hoyt v. Latham, 143 U. S. 553; Grymes v. Sanders, 93 U. S. 55; Stevens v. D., L. & W. R. R. Co., 278 Pa. 284; Patton v. Com. Tr. Co., 276 Pa. 95; Wood v. Wood, 263 Pa. 521; Quirk v. Liebert, 12 App. D. C. 394, 10 R. C. L. 400, 2 Perry on Trusts, 6th ed., sec. 870, 39 Cyc. 370.

The decree is affirmed and appeal dismissed at the costs of appellant.