## Freeman's Estate.

*Wills—Construction—Vested interests—Prior decisions.*
Where a will has been before the courts several times and an interest of a particular kind has in each instance been held to be vested, these decisions will be followed where it appears that there was no error therein, and that certain relevant parts of the will, although not discussed in such decisions, had been considered.

Argued December 3, 1924. Appeal, No. 73, Jan. T., 1925, by Warwick B. Freeman, decedent's grandson, from decree of O. C. Phila. Co., Jan. T., 1881, No. 228, dismissing exceptions to adjudication, in estate of Henry B. Freeman, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Exceptions to adjudication by Henderson, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by Thompson, J.
Warwick B. Freeman, decedent's grandson, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John G. Kaufman,* for appellant.

*Frederick C. Newbourg, Jr.,* for appellee.

Per Curiam, January 5, 1925:
The question involved is, "Whether the interest of a grandchild of the testator, Henry G. Freeman, deceased, in the principal of his estate, is vested or contingent?"

This will has been before the courts several times, and in each instance such an interest as here in controversy was either expressly or in effect decided to be vested: see Freeman's Est., 281 Pa. 190; Freeman's Est., 280

Pa. 273; Freeman's Est. (No. 1), 35 Pa. Superior Ct. 185.

It is only necessary to say that we see no error in the prior decisions; and, while certain parts of the will,—relied on by appellant, providing for partition among the parties entitled at the end of the trust and for conveyance to them by the testamentary trustees, in order to vest legal title of record to the respective purparts in them or place such title in their several names,—are not discussed in our other opinions, those parts and all others were considered.

The decree of the court below is affirmed at cost of appellant.