## Hershey's Estate.

*Will—Gift of personal property to husband.*

Testatrix bequeathed to her husband "all my personal estate, such as bonds and mortgages, borough bonds, bank and turnpike stocks," etc. She then gave certain money legacies, but directed that they should not be paid until after the death of her husband, unless he should prefer to pay them "of his own account." She appointed her husband executor with power to sell real estate, and with a life interest therein. *Held*, that the gift of personal property to the husband was absolute, and that the general legacies could not be paid out of it.

Argued May 21, 1901. Appeal, Nos. 382 and 383½, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report in the Estate of Elizabeth B. Hershey, Deceased. Before McCOLLUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of William Leaman, Esq., auditor.

The will of Elizabeth B. Hershey was as follows:

"As to such estate, as it has pleased God to entrust me with, I dispose of as follows, viz:

" Item first. I give and bequeath to my beloved husband, Ephraim Hershey, all my personal estate, such as bonds and mortgages, borough bonds, bank and turnpike stocks, etc. My wearing apparel, and furniture, I give and bequeath to my dear sister, Adeline Betchtold, to dispose of as she may think proper.

" Item second. I give and bequeath to my two ' step Grand Sons,' Freddy C. Righter and William H. Righter, children of my deceased step-daughter, Anna B. Righter née Anna B. Hershey, who was married to Doctor Washington Righter, one thousand dollars ($1000) to each, providing they should live until they arrive to the age of maturity. Should one of the above-named 'step Grand Sons' die, during his minority, then the other shall inherit his bequest; but should both of these ' step Grand Sons,' named, die, during their minority, then this bequest shall fall, and shall go back into my estate again—these bequests shall not be paid to the legatees until after the death of my husband, if he should still be living when they shall arrive at the age of maturity, unless he should prefer to pay it over to them of his own account.

" Item third. I give and bequeath to the First Methodist Episcopal Church, of Columbia, Pa., one thousand dollars ($1000), to be applied by the trustees of said church to whatever repairs may be needed, after this donation is paid into the hands of the trustees—the payment of this donation is not to be made until after the death of my husband, if he should outlive me, or at any time he may wish to pay it during his lifetime.

" And lastly. I appoint my beloved husband, Ephraim Hershey, to be the ' Executor ' of this, my last will and testament, . and I also empower him to sell my real estate, and execute a title for the same, at any time he may think it advisable to do so, in preference to living in it, or renting the property during his natural life; and I direct him to invest the proceeds he may receive from the sale of the same in safe corporation bonds, bonds and mortgages on real estate, or other safe interest bearing securities he may approve of; and I bequest the interest or income of the investment received from the sale of my real estate (if sold) to my husband, during his natural life—but the net amount received from the sale of my real estate, after the death or my husband, shall be divided among my lawful heirs, and after the death of my husband, as ' Executor ' of my es-

tate, I appoint and empower my nephew, J. Haldeman Herr, if he shall be living, to take charge of my real estate, if not sold, and if sold by my husband during his lifetime, then to take charge of the securities received and held by him for the sale of my real estate, and distribute the same, as directed above, among my lawful heirs; allowing him for attending to the duties of the same five hundred dollars ($500), of the same assets for carrying out the provisions of this my last Will and Testament."

An account of the estate of Elizabeth B. Hershey, deceased, was filed by Henry S. Hershey, executor of the will of Ephraim Hershey, deceased, who was the husband and executor of Elizabeth B. Hershey.

The auditor in reporting distribution allowed all the items of credit claimed by the accountant, awarded twelve shares Manor Turnpike stock, three shares Columbia National Bank stock and four shares Union National Bank of Mount Joy stock to the estate of Ephraim Hershey, deceased, and held that the legacies of the Righter children and Methodist Episcopal Church of Columbia were not payable out of the personalty; all of which rulings were made the subject of an exception to the auditor's report. The court dismissed all the exceptions and confirmed absolutely the auditor's report.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John H. Fry* and *H. M. North*, with them *W. B. Given* and *A. C. Bruner*, for appellants.

*E. D. North* and *D. McMullen*, for appellee.

PER CURIAM, October 11, 1901:

It seems to us that the conclusion arrived at by the learned auditor was sound, and that the provisions of the will of Elizabeth B. Hershey, relating to the personal estate which she bequeathed to her husband, excluded the general legatees from payment out of said estate. This view of the case was sustained by the learned judge of the court below who dismissed the exception and confirmed the auditor's report absolutely.

As we find nothing in the auditor's report opposed to the conclusion arrived at by the auditing judge, we dismiss the appeal and confirm the report.

Decree affirmed.