## Hershey's Estate.

*Will—Legacies—Devise—Charge on real estate.*

Where a wife gives all of her personal estate to her husband absolutely, and all of her real estate for life, with directions then to sell and divide proceeds among lawful heirs, and directs that certain pecuniary legacies shall be paid to the legatees after the death of her husband, at the death of the husband after having disposed of all of his personal property by will, the legatees of the wife are entitled to have their legacies paid out of the proceeds of the sale of the real estate.

Argued Nov. 13, 1902. Appeal, No. 98, Oct. T., 1902, by J. Haldeman Herr, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report in estate of Elizabeth B. Hershey, deceased. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exception to report of John A. Coyle, Esq., auditor.

The material portions of the will of decedent, other than that quoted in the opinion of the Superior Court, are as follows:

"Item First. I give and bequeath to my beloved husband, Ephraim Hershey, all my personal estate, such as bonds and mortgages, borough bonds, bank and turnpike stocks, etc. My wearing apparel and furniture I give and bequeath to my dear sister, Adaline Bechtold, to dispose of as she may think proper.

"Item Second. I give and bequeath to my two 'stepgrandsons,' Freddy C. Righter and Wm. H. Righter, children of my deceased stepdaughter, Anna B. Righter, née Anna B. Hershey, who was married to Doctor Washington Righter, one thousand dollars ($1,000) to each, providing they should live until they arrive to the age of maturity. Should one of the above-named 'stepgrandsons' die during his minority, then the other shall inherit his bequest; but should both of these

652 HERSHEY'S ESTATE.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

'stepgrandsons' named die during their minority, then this bequest shall fall, and shall go back into my estate again. These bequests shall not be paid to the legatees until after the death of my husband, if he should still be living when they shall arrive at the age of maturity, unless he should prefer to pay it over to them of his own account.

"Item Third. I give and bequeath to the First Methodist Episcopal church of Columbia, Pa., one thousand dollars ($1,000), to be applied by the trustees of said church to whatever repairs may be needed after this donation is paid into the hands of the trustees. The payment of this donation is not to be made until after the death of my husband, if he should outlive me, or at any time he may wish to pay it during his lifetime."

Ephriam Hershey died in 1893, without having sold the real estate, and holding the personal estate intact. He bequeathed all of his estate to Henry S. Hershey, and by proceedings in the orphans' court all of the personal estate which he derived from his wife was awarded to Henry S. Hershey, executor of Ephriam Hershey. See Hershey's Estate, 200 Pa. 562. Subsequently the real estate was sold, and out of the fund the auditor and the court below awarded payment of the legacies provided for in the will of Elizabeth Hershey.

*Errors assigned* were in dismissing exception to auditor's report.

*John H. Fry* and *W. N. Appell*, of *Appell & Appell*, with them *H. M. North*, for appellant.

*Alfred C. Bruner* and *E. D. North*, with them *W. B. Given*, for appellee.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902:

This appeal requires us to pass upon the interpretation put upon certain provisions of the will of Elizabeth B. Hershey, by the orphans' court. We have before us an elaborate report by an auditor and a comprehensive opinion from the court below in confirmation thereof. These leave little to be said.

By the first clause of the will the whole personal estate was

given to the decedent's husband to the exclusion of the three pecuniary legacies given by the second and third clauses of the will to two stepgrandsons and to the Episcopal Church of Columbia. See Hershey's Estate, 200 Pa. 562. The last clause of the will is as follows : " And lastly. I appoint my beloved husband, Ephraim Hershey, to be the ' executor ' of this my last will and testament, and I also empower him to sell my real estate and execute a title for the same at any time he may think advisable to do so, in preference to living in it or renting the property during his natural life, and I direct him to invest the proceeds he may receive from the sale of the same in safe corporation bonds and mortgages on real estate, or other safe interest-bearing securities he may approve of, and I bequeath the interest or income of the investment received from the sale of my real estate (if sold) to my husband during his natural life, but the net amount received from the sale of my real estate, after the death of my husband, shall be divided among my lawful heirs, and after the death of my husband, as ' executor ' of my estate, I appoint and empower my nephew, J. Haldeman Herr, if he shall be living, to take charge of my real estate, if not sold, and if sold by my husband during his lifetime, then to take charge of the securities received and held by him for the sale of my real estate, and distribute the same, as directed above, among my lawful heirs, allowing him for attending to the duties of the same five hundred dollars ($500) of the same assets for carrying out the provisions of this my last will and testament."

The question raised is whether, the personal estate being gone, the money legacies above mentioned shall come out of the proceeds of the sale of the real estate. If the intention of the testatrix be clear, technical rules of construction must give way. Within the four corners of the will is found conclusive proof of intention that the legacies shall be paid out of the real estate, the proceeds of the sale of which are now in court for distribution.

Primarily money legacies are payable out of personalty, but under this will, by expression, the personalty is withdrawn as a fund from the burden of paying the legacies. This the Supreme Court has held (supra) in terms. There was but one other fund to pay the legacies, namely, the proceeds of the sale of the real estate.

By the terms of the will the husband took exactly that to which he would have been entitled under the intestate law; that is, the personalty absolutely and the real estate for life. The lawful heirs in case of intestacy would have taken the real estate on the husband's death. The sole necessity for making a will therefore would seem to be the giving of the pecuniary legacies. The pecuniary legatees become in this aspect the primary beneficiaries indicated nominatim. The clauses giving the legacies were not formal but directory. The legacies were intended to be paid.

Given that the gift absolute of the personalty to the husband withdrew that fund from the legacies and given the intention that the legacies should be paid, the result is that the legacies must, and were intended to, come out of the realty or its proceeds. It is a familiar principle that legacies may be made a charge upon land or its proceeds without direct expression, provided the testator's intention so to charge is manifest. See Clery's Appeal, 35 Pa., 54. To go further in the discussion seems to us unnecessary.

The decree is affirmed.