## Gruner's Estate.

*Decedents' estates—Fund for payment of debts—Legacies—Specific legacies—Wills.*

1. The primary fund for the payment of debts, legacies, and annuities, is the personal estate of testator.

2. A testator may direct otherwise, and it is sufficient to exonerate the personalty from this burden, and impose it on the realty, if it appears by necessary implication that he so intended.

3. Such intention must generally be found within the will, and, where there is this internal evidence, it may be amplified by circumstances outside the will.

4. Where it appears from a consideration of the whole will that testator intended specifically to bequeath to a niece all of his personal property described with particularity, his debts and legacies

will be charged on the proceeds of his realty, made personalty by conversion.

Argued January 19, 1921. Appeal, No. 224, Jan. T., 1921, by Francis P. Garvan, alien property custodian, from decree of O. C. Phila. Co., Oct. T., 1919, No. 872, dismissing exceptions to adjudication, in estate of John Henry Gruner, deceased. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J.
The opinion of the Supreme Court states the facts.
The court in an opinion by HENDERSON, J., 29 Pa. Dist. R. 1095, dismissed the exceptions. Francis P. Garvan, alien property custodian, claimant of shares of residuary alien enemies, appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*James E. Hood,* for appellant.—The rule that the personal estate is the primary fund for the payment of debts and legacies and that testator will not be presumed to alter this rule except by express words or such necessary implication as convinces the judicial mind, is not an obsolete one, but is recognized in the latest authorities and in the most recent legislation of our State: Walker's Est., 3 Rawle 229; Crone's App., 103 Pa. 571; Risk's App., 110 Pa. 171; Eavenson's App., 84 Pa. 172; Hanna's App., 31 Pa. 53; Espy's Est., 207 Pa. 459; Bennett's Est., 148 Pa. 139; Myer's App., 48 Pa. 26; Mitchell's Est., 182 Pa. 530; Clery's App., 35 Pa. 54; Balliet's App., 14 Pa. 451; Thompson's Est., 229 Pa. 542; Jackson's App., 126 Pa. 105.

*Wm. Barclay Lex,* with him *Hepburn, Dechert & Norris,* for appellee, cited: Glick's Est., 28 Pa. Dist. R. 994;

Hershey's Est., 200 Pa. 562; Thompson's App., 229 Pa. 542; Nathan's Est., 4 Pa. Dist. R. 149; Shaw v. M'Cameron, 11 S. & R. 254; Hoyt's Est., 236 Pa. 433; Finney's App., 113 Pa. 11; Yost v. Ins. Co., 179 Pa. 381.

OPINION BY MR. JUSTICE KEPHART, March 7, 1921:

The primary fund for the payment of debts, legacies, and annuities is the personal estate of the testator. A testator may direct otherwise, and it is sufficient to exonerate the personalty from this burden, and impose it on the realty, if it appears by necessary implication that he so intended: Crone's App., 103 Pa. 571. Such intention must generally be found within the will, and, where there is this internal evidence, it may be amplified by circumstances outside the will. The rule originally held personalty not exempt unless it appeared from the whole testamentary disposition that there was an intention so expressed and of such weight as to convince a judicial mind an exemption of personalty was intended: Walker's Est., 3 Rawle 229; this was modified in Eavenson's App., 84 Pa. 172, and since then has been further modified.

Testator, after directing payment of debts, bequeathed to his niece two legacies of six thousand and forty thousand dollars respectively "out of [his] estate absolutely," and also gave her "absolutely all [his] personal property," describing it with some particularity. He then disposed of all the rest, residue and remainder of the estate (consisting of realty), directing what should be done with it. The executor was authorized and directed to sell the real estate and divide the residue "among the children of [his] deceased brother and two sisters." Here is not only a positive direction to sell but a necessity to sell to execute the will, working an immediate conversion at testator's death: Davidson v. Bright, 267 Pa. 580. Hence, all testator's estate passes as personalty. In this view there can be no question but the personal estate, augmented by the money received from the

sale of the real estate, also personalty, would be amply sufficient to discharge the legacies, pay the debts, and permit the legatee to take the personalty specifically bequeathed. This is conclusive of the question, but, from a consideration of the nature and character of the legacies, residuary bequest, and the corpus of the entire estate owned, we are convinced testator intended to exempt the personal property from payment of legacies and debts, and charge the same on the proceeds derived from the sale of the real estate. If the will of testator was doubtful as to which estate should bear this burden, then the general rule that the personalty was the primary fund would prevail; but where the intention is clear, from the character of the bequests and the estate, that testator's intention could not be carried out if construed otherwise, this is convincing he intended the real estate fund to pay. He possessed personal property aggregating a trifle over $41,000 and he must have known it. He gave it absolutely and as a whole to his niece, describing the gift as personal property, bonds, mortgages, certificates of stocks, household furniture, jewelry, ornaments and articles of decoration. If he intended the personalty as a primary fund to pay the legacies and debts, the bequest of personal property was absolutely meaningless. After giving pecuniary legacies of $46,000 and the personal property, and knowing he owned real estate, as said by the court below, "This he directed his executrix to sell according to her judgment 'to the best interests of his estate,' and it is somewhat significant that the pecuniary legacy to Johanna Ebert is given 'out of [his] estate,' whereas the bequest to her, in the sixth clause, particularizes the subject of the gift as stocks, bonds, etc. It is true the smaller bequest to Johanna Ebert's children is given in general terms, but it seems improbable testator should intend to give pecuniary legacies of $46,000 out of personal property which he knew was considerably less in value, and then, by the sixth clause, to give to Johanna Ebert the stocks, bonds, etc., which he

must have known would have been more than exhausted in payment of the legacies."

The decree of the court below is affirmed, costs to be paid by appellant.