## Lagomarsino's Estate.

*Wills—Construction—Legacies charged on land by implication.*

1. The primary fund for the payment of debts, legacies, etc., is the personal estate of the testator, but he may direct otherwise, and it is sufficient if his intent appears by necessary implication collected from the four corners of the will.

2. Where the testator, after having directed the payment of certain legacies out of the personal estate, in exclusion of the realty, gives $4000 of legacies to be paid only upon the death of the widow, to whom he has given his personal estate absolutely and a life estate in the realty, subject to an annuity to be paid out of the rents, with a gift over upon her decease, the latter legacies, aggregating $4000, are charged by implication on the real estate in exoneration of the personalty.

Petition and answer.   O. C. Phila. Co., Oct. T., 1907, No. 193.

*John J. Elcock* and *Thomas J. Minnick, Jr.,* for petitioner.

*H. M. McCaughey,* contra.

HENDERSON, J., June 22, 1923.—This case was presented upon petition and answer, wherein the question involved is whether a legacy of $500 is charged on the real estate left by the decedent.

An examination of the will of this testator shows the following provisions: (1) A direction to pay debts and funeral expenses; (2) a direction limiting the funeral expenses to $500; (3) a bequest to four churches of $100 each for masses; (4) a bequest of $500 each to the rectors of three churches in relief of their debt; (5) a bequest of $500 to an asylum for Italian orphan girls, this item of the will containing the following proviso: "The above bequests are not to be a lien on any portion of my real estate, but are to be paid by my executors out of such monies that may come into their hands;" (6) a bequest of $1000 each to three grandnephews, Francis N., Frederick A. and Alfred Cuneo, "the same to be paid to them after the decease of my wife Rosa;" (7) a bequest of $1000 to the children of a deceased grandnephew, Augustus Cuneo, and to "the survivor or survivors of them at the time of my decease, . . . to be paid to them after the decease of my said wife Rosa;" (8) a bequest of an annuity of $400 to his niece, Catharine Cuneo, for her natural life, "to be paid out of the rents of my real estate; . . ." (9) he then provided as follows: "I give, devise and bequeath unto my said wife Rosa all my real estate for and during the term of her natural life or so long as she remains my widow, subject to the payment of the bequest of four hundred (400) dollars yearly to my said niece Catharine, and in case she should remarry, then I give and devise to her one-third of the net proceeds of my said real estate, and from and immediately after her decease I give, devise and bequeath my said real estate to my nephew David Lagomarsino, son of my brother Nicola Lagomarsino, his heirs and assigns forever;" (10) he then provided: "As to all the rest, residue and remainder of my personal estate, I give and bequeath to my said wife Rosa absolutely."

The testator died May 1, 1916, so that section 17 of the Wills Act of 1917 has no application.

Rosa Lagomarsino, the testator's widow, died Sept. 6, 1921.

The legacy which the petitioner claims is charged on the real estate is one-half of the $1000 legacy, indicated above as number (7), to the children of Augustus Cuneo, deceased grandnephew, and which was to be paid "after the decease of my said wife Rosa."

The primary fund for the payment of debts, legacies, etc., is the personal estate of the testator, who may undoubtedly direct otherwise, and it is sufficient if his intent appears by necessary implication, collected from the four corners of the will: Gruner's Estate, 269 Pa. 573.

Lagomarsino's Estate.

A review of the foregoing provisions of the will shows that the first five gifts are followed by a direction that "the above bequests are not to be a lien on any portion of my real estate, but are to be paid by my executors out of such monies that may come into their hands." This is followed by two items in the will giving $1000 each to three grandnephews, and $1000 to the children of another grandnephew (the petitioner representing the one-half interest of one of these children), all these bequests being payable only at the death of the widow. Next we find an annuity in favor of a niece of $400 a year, and this is directed to be paid out of the rents of real estate. Then follows a devise of all the real estate, subject to this annuity, to the widow for life or until she should remarry, and in the latter event she is given one-third of the net proceeds of the real estate, and upon her decease "said real estate" is given to the nephew, David Lagomarsino.

Having provided for the payment of certain legacies out of the personal estate, and that they were not to be a lien on the realty, the testator then makes provision for $4000 of legacies to be paid only upon the death of the widow, who has been given personal estate absolutely and a life estate in the realty; we are of opinion that this testator intended that the personalty should be exonerated from the payment of these legacies, aggregating $4000, and that they should be paid, at the death of the widow, out of the real estate.

It can scarcely be said that the real estate has been specifically devised, for the reason that it is a general gift of all the real estate, subject, during the lifetime of the widow, to an annuity of $400 per annum. While the gift in remainder to the nephew is of all "said real estate," we find that this necessarily means all the rest, residue and remainder of the said real estate, because the annuity of $400 continues for the life of the niece Catharine, and if the widow had remarried, she was to have one-third of the net proceeds of the real estate. Hence, the nephew was only to take what remained after the other provisions of the will were satisfied.

In Clery's Appeal, 35 Pa. 54, legacies were by implication charged on the real estate, due to the fact that they were only payable on the death of the wife, who had a life estate therein.

In Hershey's Estate, 200 Pa. 562, personal estate was given absolutely to the husband, and then certain pecuniary legacies were payable at his death; then a life estate was given to the husband in the real estate, with remainder to the testatrix's heirs. It was held that the personalty was exonerated, and that the direction to pay the legacies upon the death of the husband raised an implication that they were to be charged on the real estate. In Hershey's Estate, 21 Pa. Superior Ct. 651, the same will was again before our Superior Court, and the foregoing interpretation was followed.

We have, therefore, reached the conclusion that it was the intention of this testator to exonerate his personalty from the payment of the legacies which were payable upon the death of the widow, and that it was his intention that they should be charged on the real estate.

It appears that certain of the real estate was sold by the nephew and the widow in her lifetime, and as there is ample real estate otherwise to satisfy these legacies, it is directed that the petitioner proceed first against the unsold real estate.

The prayer of the petition is granted, and it is decreed that the sum of $500, with interest from Sept. 6, 1921, is payable to the personal representatives of Fredericka A. Cuneo, deceased legatee under the will of the testator, and is charged upon and payable out of the real estate mentioned in the petition for citation.

3 D. & C.

It is further ordered and decreed that David Lagomarsino, devisee, and Charles G. A. Baldi, present owner, pay the said amount within fifteen days from the date hereof (subject to inheritance tax due the Commonwealth), and that upon failure to pay within said time, proceedings may be instituted for the sale of the real estate for the payment thereof.