## Rosney's Estate.

*Wills—Construction—Bequest—Personal estate—Gift of personal estate without deduction.*

Where a testator bequeaths to a sister "all one-third of all my personal property, that is, money in bank, etc., absolutely," and it appears that the money in bank constituted his entire personal estate, the legatee is entitled to one-third of such money without deductions of any kind, except the transfer inheritance tax thereon. Debts and administration expenses are to be paid out of the other two-thirds of the fund.

Exceptions to adjudication. O. C. Phila. Co., July T., 1927, No. 2427.

*Joseph M. Smith*, for exceptions.

*Byron, Longbottom, Pape & O'Brien*, contra.

LAMORELLE, P. J., March 12, 1928.—Thomas P. Rosney's will is in part as follows:

"Item: I direct all my debts and funeral expenses fully paid. . . .

"Item: I give . . . 2528 E. Somerset Street to my . . . sister Ellen J. Buckley. . . .

"And together with all one third of all my personal property, that is, money in bank, etc., absolutely.

"Item: I give . . . to . . . St. Joseph's House for Homeless Industrious Boys . . . Two hundred Dollars . . . free of tax.

"And as to all the rest, residue and remainder of my estate, real, personal or mixed, . . . I . . . give, devise and bequeath to my . . . Sisters . . . Mary A. Donohue, Kate Hede, Ellen J. Buckley, also my two . . . brothers . . . John Rosney and James Rosney, share and share alike. . . ."

At the time of testator's death he had on deposit upward of $10,000, and, so far as the accounting is concerned, this fund constitutes his entire personal estate.

The Auditing Judge awarded Ellen one-third of the personal property, after deduction of debts and administration expenses. She filed exceptions, claiming that the Auditing Judge should have awarded her one-third of the money in bank without deductions of any kind.

The one question, therefore, to be determined is the meaning of this clause of the will.

The language quoted, considered by itself, is plain and unambiguous. "All" means without deduction. Apparently to express himself more emphatically, or with more exactness, the word "all" is repeated; that is to say, "*all* of one-third of *all* of my personal property."

In reaching his conclusion, the Auditing Judge relied mainly on an adjudication in McGowan's Estate, 1 D. & C. 152. In that case it appears that testatrix, after making numerous bequests, gave one-half part of her "whole estate" to Cardinal Logue. This clause was followed by a small legacy and a residuary clause in favor of a Catholic charity. The Auditing Judge said that a man's estate was what was left after his debts and administration expenses had been paid, and that the Cardinal was, therefore, entitled to one-half of the net estate.

The word "estate," however, is not used in the instant case. The words used are "all property" and "money." These words have always been heretofore construed as meaning (as will appear from the cases subsequently cited) the gross amount of property or money which the decedent owned at the time of his death.

McGowan's Estate, *supra*, on its facts, is not a precedent.

The Auditing Judge also relied on Walker's Estate, 3 Rawle, 229. In that case testator made a bequest of all his personal property, made specific devises of certain real estate, and gave the residue of his estate to his son. After the execution of the will he acquired other real estate. As the will was executed prior to the Act of April 8, 1833, P. L. 251, it was held that testator died intestate as to such real estate. The court said there was nothing in the will to indicate an intention to exonerate the personal estate from the payment of debts and administration expenses, and, therefore, applied the general rule that the personal estate is the primary fund for such purpose.

Walker's Estate, *supra*, is plainly distinguishable from the instant case. The question arose there between the legatee of all the personal property and the heir. Here, the question arises between a legatee of "all one-third of all my personal property" and those to whom the rest, residue and remainder is given. As was said in Reel's Estate, 266 Pa. 221, 223, "what the 'rest and residue' of the estate will be cannot be ascertained until the debts, legacies and expenses of administration are paid."

Gruner's Estate, 269 Pa. 575, in our opinion, is the case that is controlling. In that case testator, after directing the payment of his debts, bequeathed

Rosney's Estate.

to a niece two legacies, aggregating $46,000, out of his estate, and also gave her "all" (his) "personal property," describing it with some particularity. He also directed his executor to sell his real estate and to divide the residue of his estate among certain named persons. At the time of his death he owned personal property worth a trifle over $40,000. The report does not disclose the amount of the debts and administration expenses, but a reference to the record shows they amounted to approximately $15,000. The court, notwithstanding the fact that the direction to pay the debts preceded the gift of "all" (his) "personal property," and that the beneficiary was a niece and not a widow, two circumstances on which the Auditing Judge placed some stress, held that the words "all" (his) "personal property" meant "all" without any deduction, and applied the general rule that the legacies, debts and administration expenses were payable out of the residue; that is, the proceeds derived from the sale of the real estate.

In Thompson's Estate, 229 Pa. 542, the court also held that no part of the debts or administration expenses were payable out of a bequest to the widow of "one-half of all my personal property." In that case the testator also made certain pecuniary bequests. The court, inter alia, said: "There is no more reason why it should pay the debts and the expenses of administration of the estate than the other legacies. The amount of her legacy was made certain by the language used." See, also, Glick's Estate, 28 Dist. R. 994; Hershey's Estate, 200 Pa. 562, and Gilchrist's Estate, 9 Dist. R. 249, where the word "all," used in connection with certain property, was construed as meaning "all" and not something less than all.

We are, therefore, of opinion that Ellen J. Buckley is entitled to receive one-third of the money that was in bank at the time of the death of testator, less transfer inheritance tax thereon, and in this conclusion the Auditing Judge concurs. The exceptions are accordingly sustained, and the executor is directed to make distribution in accordance with this opinion.

VAN DUSEN and STEARNE, JJ., did not sit.

HENRY C. NILES, P. J., 19th judicial district, Auditing Judge, present.